**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MAR 1 2 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**CYNTHIA GOYNE**                                                                 **PLAINTIFF**

VS.                                 No. 4:21-cv-__199 - K6B__

**PROPEL TRUCKING, INC.,**                                                        **DEFENDANTS**
**and MARC CAMPBELL**    This case assigned to District Judge _Baker_
and to Magistrate Judge _Volpe_

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Cynthia Goyne ("Plaintiff"), by and through her attorneys Sean Short and Josh Sanford, and for her Original Complaint against Defendants Propel Trucking, Inc., and Marc Campbell (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's failure to pay Plaintiff sufficient overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3.    Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.    JURISDICTION AND VENUE

4.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.    Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as her FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.    Defendant conducts business within the State of Arkansas. Therefore, venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.    The acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, Central Division, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

10.    Plaintiff is an individual and resident and domiciliary of Yell County.

11.    Separate Defendant Propel Trucking, Inc. ("Propel Trucking"), is a domestic, for-profit corporation.

12.    Propel Trucking's registered agent for service of process is Marc Campbell, at 3305 East Main Street, Suite C, Russellville, Arkansas 72802.

13.    Separate Defendant Marc Campbell ("Campbell") is an individual and resident of Arkansas.

## IV.   FACTUAL ALLEGATIONS

14.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15.   Defendants own and operate a trucking and transport business.

16.   Campbell is a principal, director, officer, and/or owner of Propel Trucking.

17.   Campbell took an active role in operating Propel Trucking and in the management thereof.

18.   Campbell, in his role as an operating employer of Propel Trucking, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

19.   Campbell, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

20.   During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles and fuel.

21.   Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

22.   Within the three years preceding the filing of this lawsuit, Defendant has continuously employed at least four employees.

23.     Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

24.     Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

25.     Specifically, Defendant employed Plaintiff from July of 2012 until February of 2021.

26.     Plaintiff's primary job duties included dispatching freight, submitting payroll, and completing administrative work related to billing, insurance and new hires.

27.     Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA and paid her a salary.

28.     At all relevant times herein, Defendant directly hired Plaintiff to work in its facilities, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

29.     At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

30.     Plaintiff did not have the authority to hire or fire any other employee.

31.     Plaintiff was not asked to provide input as to which employees should be hired or fired.

32.     Plaintiff sometimes interviewed driver applicants on Defendant's behalf, but she merely passed on the information to Defendant, who made the decision as to whether to hire the applicant.

33.    Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

34.    Plaintiff sought input from her supervisors in lieu of making significant decisions on her own.

35.    In carrying out her duties, Plaintiff followed the processes and procedures put in place by Defendant.

36.    Plaintiff regularly worked more than forty hours per week during the relevant time period.

37.    Plaintiff estimates she generally worked more than 50 hours each week.

38.    Defendant did not pay Plaintiff 1.5x her regular rate for hours worked over 40 each week.

39.    At all relevant times herein, Defendant has deprived Plaintiff of sufficient overtime compensation for all of the hours she worked over forty per week.

40.    Plaintiff clocked in and out using Defendant's timecard system.

41.    Defendant knew or should have known that the amount of work assigned to Plaintiff regularly required her to work over forty hours per week in order to complete all of her assignments.

42.    Defendant knew or should have known that it failed to pay Plaintiff as required by the FLSA and the AMWA.

43.    Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

### V.    FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

44.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint

as though fully incorporated in this section.

45.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

46.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

47.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48.    29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 in each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

49.    During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

50.    Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

51.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

52.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.    SECOND CAUSE OF ACTION—VIOLATION OF THE AMWA

53.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

55.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

56.    Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

57.    Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty in each one-week period.

58.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

59.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Cynthia Goyne respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.    A declaratory judgment that Defendant's practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

B.    Judgment for damages for all unpaid overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

C.    Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D.    An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CYNTHIA GOYNE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com