## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

CYNTHIA GOYNE and
BRITTANY STUTZMAN                                              **PLAINTIFFS**

vs.                                    **No. 4:21-cv-199-KGB**

PROPEL TRUCKING, INC. and
MARC CAMPBELL                                                 **DEFENDANTS**

### TRIAL BRIEF

Plaintiff Cynthia Goyne filed her lawsuit on March 12, 2021. Plaintiff Brittany Stutzman filed her complaint on September 23, 2021. Plaintiffs claim that they were nonexempt employees and that they are due some unidentified amount of overtime. Defendants deny Plaintiffs' contention. Plaintiffs were properly treated and paid as exempt employees. They both clearly fell within the administrative exemption, as the company's very profitability rested on their decisions and independent judgment. In addition, Ms. Goyne fell within the executive exemption at all times, as she managed and supervised employees of the company. Similarly, as a planner for the company, Ms. Stutzman fell within the executive exemption for a portion of the period between September 23, 2019, and her separation date in September of 2021.

A.   **Administrative Exemption**

In order to be considered exempt under the administrative exemption, an employee must meet the following requirements:

- **Compensation**. The employee must be compensated on a salary basis at a rate of not less than $684 per week. This sum may include bonuses and commissions that are paid annually or more frequently to satisfy up to ten percent of the standard salary level.

- **Duties**. The employee must have a primary duty that includes the performance of office, and nonmanual work directly related to the management or general business operations of the employer or the employer's customers.

- **Discretion**. The employee must have a primary duty that includes the exercise of discretion and independent judgment with respect to matters of significance.

29 U.S.C. § 213(a)(1); 29 CFR § 541.200. Each factor is addressed below.

### 1.  <u>Compensation</u>

Both plaintiffs meet the salary basis requirement to be an exempt employee. This will not be subject to dispute.

### 2.  <u>Duties</u>

Both plaintiffs had as their primary duty the performance of office or nonmanual work directly related to the management or business operations of the company or the company's customers. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, working on a manufacturing or production line or selling a product in a retail or service establishment. 29 CFR § 541.201(a). The Department of Labor has further explained that an exempt administrative employee's primary duty need only relate to the "management" of the employer's business:

> [W]hile management policies are one component of management, there are many other administrative functions that support managing a business…[T]he administrative operations of the business include the work of employees 'servicing' the business, such as, for example, advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control…[E]xempt administrative work includes not only those who participate in the formulation of management policies or in the operation of the business as a whole, but it 'also includes a wide variety of persons who either carry out major assignments in conduction the operations of the business, or whose work affects business operations to a substantial degree, even though their assignments are tasks related to the operation of a particular segment of the business.

69 Fed. Reg. 22,138. There will be no dispute that each of Plaintiffs' primary duties related to the management or general business operations of the Company.[1]

### 3.  <u>Discretion and Independent Judgment</u>

To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment on matters of significance. 29 C.F.R. § § 541.202(a). The exercise of discretion and independent judgment does not have to be customary or regular. Rather, it merely has to be included in the employee's primary duty. 69 Fed. Reg. 22,143 (citing *O'Dell v. Alyeska Pipeline Service Co.*, 856 F.2d 1452 (9th Cir. 1988) and *Dymond v. United States Postal Service*, 670 F.2d 93 (8th Cir. 1982). This means that the employee must exercise "some discretion" but not in connection with each task she performs. *See* 29 § C.F.R. 541.202(a).

In general, the Department of Labor's regulations say that the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or deciding after the various possibilities have been considered. 29 C.F.R. § 541.202(a). The terms "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation where the question arises. 29 C.F.R. § 541.202(b). According to 29 C.F.R. § 541.202(b), factors to consider when determining whether an employee exercises discretion and independent judgment on matters of significance include, but are not limited to, whether the employee:

---

[1] It should be noted that the regulations specifically state that nothing in the rules requires exempt employees to spend more than 50 percent of their time performing exempt work in order to satisfy the primary duty test. 29 C.F.R § 541.700(b). Several courts have found employees to be exempt despite spending less than 50 percent of their time performing exempt duties. *See, e.g., Jones v. Virginia Oil Co.*, 2003 WL 21699882, at *4 (4th Cir. 2003) (management found to be the "primary duty" of employee who spent 75 to 80 percent of her time on basic line-worker tasks); *Murray v. Stuckey's, Inc.*, 939 F.2d 614, 618–20 (8th Cir. 1991) (manager met the "primary duty" test despite spending 65 to 90 percent of his time in non-management duties), cert. denied, 502 U.S. 1073 (1992); *see also* 69 Fed. Reg. 22,186 (declining to adopt a strict 50-percent rule). Indeed, in the right circumstances, an employee's "primary duty" can be as little as 10 percent to 20 percent of the worker's total job duties. The test is not empirical but, rather, involves an individualized balancing of factors.

- Has authority to formulate, affect, interpret, or implement management policies or operating practices.

- Carries out major assignments in conducting business operations.

- Performs work that affects business operations to a substantial degree, even if the employee's assignments are related to the operation of a particular segment of the business.

- Has authority to commit the employer in matters that have significant financial impact.

- Has authority to waive or deviate from established policies and procedures without prior approval.

- Has authority to negotiate and bind the company on significant matters.

- Provides consultation or expert advice to management.

- Is involved in planning long or short-term business objectives.

- Investigates and resolves matters of significance on behalf of management.

- Represents the company in handling complaints, arbitrating disputes, or resolving grievances.

Although a case specific analysis is required, courts generally find that employees who meet at least two or three of these factors are exercising discretion and independent judgment. 69 Fed. Reg. 22,143 (citing cases). The evidence will show, quite clearly, that Plaintiffs met more than three of these factors.

Importantly, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed or even reversed at a higher level. 29 C.F.R. § 541.202(c). Further, the fact that many employees may perform identical work or work of the same relative importance does not mean that the work of each such employee does not involve the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.202(d).

4

The exercise of discretion and independent judgment must relate to matters of significance. The term "matters of significance" refers to the level of importance or consequence of the work performed. 29 C.F.R. § 541.202(a). The tasks listed above (29 C.F.R. § 541.202(b)) exemplify matters of significance.

Plaintiff Cynthia Goyne will acknowledge her value to the company and contend that she knew much more than the owner of the company about running a trucking business. She was a fleet manager, a transportation specialist, Comdata manager (a $45,000 per week account under her direction), and the safety manager for the company. As fleet manager, she exercised discretion and independent judgment critical to the success or failure of her employer in booking loads, negotiating rates, declining or accepting loads, and timing loads. She also directed personnel. As manager of the company's Comdata cash flow account (approximately $45,000 per week), she approved or disapproved driver funds, advanced driver funds, approved or disapproved driver expenses, and exercised complete control over the account. As safety manager, she ensured drivers complied with safety requirements and acted if they did not, ensured equipment complied with safety requirements and acted if it did not, hired and/or recommended hiring drivers, and terminated and/or recommended terminating drivers. She investigated accidents and was the company's claims manager, handling and negotiating all damage claims. She also drafted contracts and signed contracts for the company. Her decisions were critical to whether the company made money or lost money, whether drivers made money or lost money, and whether the company performed in a safe manner as required by federal and state regulations. The owner relied on her discretion and judgment.

Interestingly, Ms. Goyne acknowledged her importance to the company when she submitted an employment application to Propel after she left in February of 2021. According to Ms. Goyne, she did not intend to send Propel the application. Regardless, the application was

5

written by Ms. Goyne and acknowledges responsibilities of Ms. Goyne that clearly fall within the administrative exemption: "A/R, A/P, Billing Collections, *Driver Settlements, Auditing, Issue Cash Advances, Assist Accounting Supervisor with Daily Business, Issue POS for Parts and Repairs, Gather and Generate Information for Daily Business, Review and Write Contracts for Submittal to Supervisors for Daily Business, Recruit, Hire, Qualify and Retain Driver Personnel According to Company, Insurance and DOT, Setup, Maintain all Drug Testing Required by Company Policy and DOT, Lease Qualify and Maintain All Equipment Leased to Company, Permits, Obtain and Maintain all Licenses, Authority and Permits Required for Daily Operation, Plan and Dispatch Trucks, Make Appointments, Provide Customer and Driver Services, Problem Solve, Contact Meet and Setup New Customers, Track and Provide Customer Service, Submit Required Documents, Review Contracts Submit to Supervisor for Approval, Submit Rates to Customers for Services Provided, Accidents/Claims Investigate, Submit Required Paperwork, Direct Personnel, To Minimize Loss, Submit Claims*."

Plaintiff Brittany Stutzman will also acknowledge her value to the company. In addition to booking its own trucks and brokering its own freight, Propel had a relationship with US Express, a large trucking company, wherein US Express carried loads for the company and the company earned a commission. During the applicable period, Ms. Stutzman was a fleet manager responsible for 38 US Express trucks. As the fleet manager, she exercised discretion and independent judgment critical to the success or failure of her employer in determining what loads to book and where the loads were delivered. This required independent judgment and discretion, particularly in light of the substantial impact return loads had on the company's bottom line. If no prebooked load was available, Ms. Stutzman would have to book a load, negotiate the rates, decline or accept a load, and time the loads for the drivers. When loads were not available through US Express, she would have to review the broker board and book and negotiate and/or accept or decline loads, the same

as Cynthia Goyne did for Propel trucks. Her decisions were critical to whether the company made money or lost money.

In addition to the above, Ms. Stutzman operated her own brokerage company, DBZ, Inc., within Propel. This was pursuant to an agreement with Propel wherein Ms. Stutzman's brokerage company received 60% of all income brought in by her brokerage company and Propel received 40%. Propel's income was inarguably connected with Ms. Stutzman's brokerage company, as Ms. Stutzman and the owner of Propel were business partners. Although the brokerage company's business tailed off in February of 2021, the company was still active, and she was still making decisions for the partnership that continued to impact Propel throughout that period. Indeed, Ms. Stutzman continued to receive payments for this business as late as October 13, 2021.

In addition, the Department of Labor performed an audit of Propel in 2020. The Department of Labor interviewed Ms. Stutzman, who presumably told them the truth. Based on this information, the Department of Labor found that *Ms. Stutzman, as well as other fleet managers, was properly classified as an exempt employee*: "*The employee determines the profitability of the load before they bid and commit the employer financially. The employee has to look at load revenue, location, weight of the load, and if load includes fuel. The employees do quotes and pricing using price points, make decisions on what carriers to use to move freight from different locations with the 48 continental United States. The employees have authority to commit the employer in matters that have significant financial impact, negotiate, and bind the company on significant matters related to the management or general business operations of the employer or the employer's customers. The employees are employed in a bona fide administrative capacity. The employee meets the duties test and the salary level test pr 29 CFR 541.200.*" Because Cynthia Goyne had filed a lawsuit at the time of the audit, she was excluded from the audit, but the decision would have been the same.

7

The following cases involve employees with duties and responsibilities similar to Plaintiffs: *McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F.3d 997, 1001 (8th Cir. 2003) (finding that administrative exemption applied to life insurance claims coordinator who, even though she was required to follow detailed manuals, exercised sufficient discretion and was given authority to settle certain levels of claims); *Gagnon v. Res. Tech., Inc.*, 19 F. App'x 745, 746 (10th Cir. 2001) (finding that administrative exemption applied to office manager who dealt with vendors, attended senior staff meetings, and managed accounts, employee time slips, payroll records, tax records, and purchase orders); *Lott v. Howard Wilson Chrysler-Plymouth Inc.*, 203 F.3d 326, 331 (5th Cir. 2000) (finding that administrative exemption applied to employee who was responsible for the preparation of all "payrolls, monthly sales tax returns, monthly workers' compensation returns, monthly state withholding returns, quarterly payroll tax returns, quarterly state and federal tax estimates, state unemployment returns, [and] the reconciliation of several bank statements and month-end financial statements."). In each case, the employee was found to be an exempt employee under the administrative exemption.

**B.**   **Executive Exemption**

To fall under the executive exemption to the FLSA, an employee must generally be responsible for the success or failure of business operations under their management. In addition, management must be the employee's primary duty, the employee must direct the work of two or more employees, and the employee must have the authority to hire or fire other employees or, alternatively, suggest and recommend hiring, firing, advancement, promotion, or other change of status of other employees, which suggestions are given particular weight.

Brittany Stutzman was promoted to Planner in 2020. As Planner, she not only acted as a fleet manager but supervised and managed two or more fleet managers. 29 C.F.R. §541.102 ("generally, 'management' includes, but is not limited to, activities such as interviewing, selecting,

and training employees...directing the work of employees...handling employee complaints and grievances; disciplining employees; planning the work...apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment, or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies...monitoring or implementing legal compliance measures"). She was responsible for the success of the US Express line and had the authority, and exercised the authority, to hire or fire other employees. The evidence will show that from 2020 to 2021, Brittany Stutzman was an exempt employee pursuant to the executive exemption to the FLSA, due to her position as Planner of US Express.

Additionally, the evidence will show that Cynthia Goyne was an exempt employee pursuant to the executive exemption. Ms. Goyne acted as the supervisor and manager for Propel's truck drivers. Cynthia Goyne "customarily and regularly" directed the workload of multiple drivers. Cynthia interviewed and selected drivers for hire, directed their work, handled their complaints and grievances, planned their work, determined the types of goods they would transport, controlled the flow and distribution of these goods, provided for the drivers' safety and security, and monitored and implemented legal compliance measures. 29 C.F.R. §541.102.

### C.   Damages

Plaintiffs were required by the company to keep track of the hours they worked. As their employer, Propel wanted to know what hours were being worked, which is its right, even with exempt employees. 69 Fed. Reg. 22,178 (employers "may require exempt employees to record and track hours"). Plaintiffs were fully aware of the time keeping requirement and will acknowledge as much.

Cynthia Goyne complied with the company's requirement. She kept her time unless she forgot to clock out. Other than forgetting to clock out, she testified in her interrogatory responses

that her time records are accurate. However, in her deposition, she stated that she did not keep her time when she worked from home. She had no explanation as to why she did not email her time or note the time worked on her timecards. This is particularly suspicious since the two-year period includes two months when the pandemic forced her to work from home. During this period, she emailed the time she worked from home. She was fully aware she was to email her time if she worked from home.

Because Ms. Goyne did not abide by the company's requirement to record her own hours during evening hours, she will bear the burden of proof as to the actual time she worked "off the clock." *Joza v. WW JFK LLC*, No. 07-CV-4153(ENV)(JO), 2010 U.S. Dist. LEXIS 94419, at *30 n.8 (E.D.N.Y. Sep. 9, 2010) ("Although the FLSA obligates employers to maintain appropriate overtime records, it is well-established that employers may require employees to follow and adhere to reasonable procedures for reporting overtime worked, and may rely upon what employees report, and do not report.").

In *McNight v. Kimberly Clark Corp.*, 149 F.3d 1125 (10th Cir. 1998), an employee's claim for back overtime pay failed when he admitted he had not recorded all the hours he allegedly worked. According to the court, "Such failure to record claimed time is fatal to a later claim for [the time], if the company has no reason to be aware of the overtime." *Id.* at 1130. The evidence will show that Propel hired a night manager and a weekend manager to handle work during off hours. It had no reason to believe, and still does not believe, that Ms. Goyne worked any significant hours while off the clock at night or on weekends.

Like Cynthia Goyne, Britany Stutzman knew that the company required her to keep track of her time. However, unlike Ms. Goyne, ***Ms. Stutzman "refused" to keep her time***. She had a litany of inconsistent and lame excuses, but at the end of the day she admittedly "refused" to keep her time. However, she acknowledged that she did email her time during the period she worked

from home during the pandemic but did not email her time if she worked from home thereafter. She also testified that she sometimes wrote her time down on her timecards. Her testimony is all over the place, with the only consistency being the inconsistency. The bottom line is she "<u>refused</u>" to keep her time and her time records are sparse at best. This "refusal" to follow directions on timekeeping is important for two reasons. First, it shows she was an exempt employee and knew she was an exempt employee. Ms. Stutzman admittedly refused to follow procedures without prior approval. Second, an employee who "refuses" to keep a record of his/her time worked despite her employer's directions to do so cannot be heard to demand pay for hours that do not show up on her time records. *See White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 876 (6th Cir. 2012) ("Under the FLSA, if an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process."). Ms. Stutzman is estopped from creating hours from whole cloth when she readily (and arrogantly) admits that she *refused* to keep her time as directed by her employer.

Incredibly, Ms. Stutzman now alleges that she worked *more* hours than Cynthia Goyne, who actually followed company policy and clocked in and out on the timekeeping system. Ms. Stutzman must believe that the absence of time records opens the door to claim whatever hours strike her fancy. In fact, in her deposition she actually testified that she worked 24 hours a day on occasions:

> **Q:**   You worked 24 hours a day?
>
> **A:**   In the beginning, yes. I really did. We were a one-man show.
>
> **Q:**   You're under oath.
>
> **A:**   I understand that.
>
> **Q:**   Did you sleep?

**A:**    No.

**Q:**    Take care of your kids? Eat?

**A:**    No. They really suffered during all this time.

**Q:**    All right. Because you didn't sleep?

**A:**    No. I would basically maybe get 2 to 3 hours a night, and I would cry about it to him.

**Q:**    And you'd be working 22 hours?

**A:**    Pretty much. It felt like it, yes. Every night? No. But I worked nonstop.

Given the chance to correct that testimony (which is clearly perjurious as sleep, eating, childcare, and the lack of available work during that period of time are intentionally ignored), she doubled down on her testimony. Regardless, there is ***no*** basis to accept Ms. Stutzman's contention that she worked more hours than Cynthia Goyne. Further, it would turn fairness on its side if an employee who refused to keep her time was permitted to create more time than a similarly situated employee who did follow company policy and who did keep her time.

Defendants have attached a summary of the time recorded by Ms. Goyne. Again, Ms. Goyne has testified that other than times she may have forgotten to clock out, her time records are accurate. This summary shows that, ***based on her own time records***, she worked a total of 131.23 overtime hours. Because her salary was paid for all hours worked, whether under 40 or over 40 in a week, any unpaid overtime is calculated at half-time. This will not be disputed by Plaintiffs. Thus, *if* Ms. Goyne was not an exempt employee (which she was), she would be entitled to $783.91 of unpaid overtime based on the time records ***she kept***.[2]

---

[2] The total is actually a fraction less than this amount, as Defendants divided her salary by 40 hours for each calculation, whereas the correct denominator would be the hours actually worked, which would reduce the amount owed.

Finally, Plaintiffs have not produced any *evidence* of damages (other than Ms. Goyne's timecards referenced above). To the contrary, they have simply added 10 or 15 unrecorded overtime hours each and every week, with no effort to identify the actual hours worked, much less to offer an explanation as to how they possibly worked the same number of hours each week. This is not sufficient or admissible evidence of damages, which is plainly evidenced by Ms. Goyne's time records. In this regard, Plaintiffs inexplicably fail to account for the *49 weeks where Ms. Goyne recorded LESS than 40 hours per week*. In those weeks, even if she could arbitrarily add an unsupportable 10 more hours of work, the hours must be added to the number of recorded hours and not simply added to "40 hours" as Plaintiff has done. As an example of their complete failure to so much as attempt to produce credible evidence, Ms. Goyne claims she is entitled to 10 overtime hours in a week where one day was a holiday, one day was a vacation day, and two days were sick days. During this week, she recorded 7.98 hours of work time. But the damage "evidence" she produced seeks 10 hours of overtime for that week.

Ms. Stutzman, of course, refused to keep her time, but can present no evidence that differentiates her from Ms. Goyne in this regard. The sparse time records she did keep do not support her allegations. Further, since she ran a resale goods business during work hours (using company time, supplies, and personnel) and often missed work in pursuit of that business, and since she admittedly left the office during working hours to pick up and care for her children, had she properly recorded her time the weekly hours would have been less than Ms. Goyne. But, of course, she "refused" to keep her time because she would decide what to do and what not to do. Ms. Stutzman is estopped from claiming overtime hours based on the evidence (or complete lack of evidence) provided in discovery.

**D.**     **Conclusion**

Plaintiffs were exempt employees under the FLSA. Defendants do not believe that can be credibly disputed. They were managers who were required to exercise discretion and judgment on matters of significance to Defendants. The Department of Labor has already established this fact as to Plaintiff Stutzman. Their effort to characterize themselves as robotic clerks of some sort is revisionist history (which seems to be popular nowadays) and a complete fabrication designed solely to recover a windfall to which they are not entitled. To the extent they were not exempt (which is not the case), they have presented no admissible evidence of damages in discovery (other than the timecards of Cynthia Goyne). Where keeping time is required by the employer, a plaintiff cannot, after the fact, simply "add on" a set number of hours to the recorded hours each week as Ms. Goyne has done; or, in Ms. Stutzman's case, simply state "I worked 55 hours each and every week." That is not admissible evidence sufficient to show actual damages in a federal court lawsuit.

Respectfully submitted,

FUQUA CAMPBELL, P.A.
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
(501) 374-0200 – Telephone
(501) 975-7153 – Facsimile

By:     /s/ Phil Campbell
Phil Campbell, AR Bar No. 81028
pcampbell@fc-lawyers.com
Chris Stevens, AR Bar No. 2012289
cstevens@fc-lawyers.com

COUNSEL FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I, Phil Campbell, do hereby certify that I electronically filed the foregoing via the Court's electronic filing system, which shall send notice of such filing to the following individuals this 31st day of July, 2023:

Sean Short
Josh Sanford
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite. 510
Little Rock, Arkansas 72211

/s/ Phil Campbell

| Date | Start Time | End Time | Total Time | Total Hours (Weekly) | OT Worked |
|------|-----------|----------|-----------|---------------------|-----------|
| 3/11/2019 | 7:39 | 17:07 | 9.47 | | |
| 3/12/2019 | 7:32 | 18:03 | 10.52 | | Start of Two Year Period |
| 3/13/2019 | 7:30 | 16:30 | 9.00 | | |
| 3/14/2019 | 7:23 | 16:30 | 9.12 | | |
| 3/15/2019 | 7:47 | 17:00 | 9.22 | | |
| 3/16/2019 | 11:03 | 13:15 | 2.20 | 44.52 | 4.52 |
| 3/18/2019 | 7:49 | 17:17 | 9.47 | | |
| 3/19/2019 | 7:31 | 16:23 | 8.87 | | |
| 3/20/2019 | 7:42 | 16:30 | 8.80 | | |
| 3/21/2019 | 7:21 | 16:33 | 9.20 | | |
| 3/22/2019 | 7:36 | 16:49 | 9.22 | 40.55 | 0.55 |
| 3/25/2019 | 7:49 | 16:40 | 8.85 | | |
| 3/26/2019 | 7:34 | 16:39 | 9.08 | | |
| 3/27/2019 | 7:32 | 16:43 | 9.18 | | |
| 3/28/2019 | 7:34 | 16:30 | 8.93 | | |
| 3/29/2019 | 7:33 | 16:30 | 8.95 | 40.00 | 0.00 |
| 4/1/2019 | 7:34 | 16:32 | 8.97 | | |
| 4/2/2019 | 7:31 | 16:53 | 9.37 | | |
| 4/3/2019 | 7:31 | 16:49 | 9.30 | | |
| 4/4/2019 | 7:42 | 16:44 | 9.03 | | |
| 4/5/2019 | Sick Day | | N/A | 32.67 | |
| 4/8/2019 | 7:42 | 16:38 | 8.93 | | |
| 4/9/2019 | 8:00 | 16:39 | 8.65 | | |
| 4/10/2019 | 7:36 | 16:36 | 9.00 | | |
| 4/11/2019 | 7:26 | 16:29 | 9.05 | | |
| 4/12/2019 | 7:34 | 16:30 | 8.93 | 39.57 | |
| 4/15/2019 | 7:27 | 16:29 | 9.03 | | |
| 4/16/2019 | 7:32 | 16:40 | 9.13 | | |
| 4/17/2019 | 7:42 | 16:30 | 8.80 | | |
| 4/18/2019 | 8:07 | 16:32 | 8.42 | | |
| 4/19/2019 | 7:32 | 16:44 | 9.20 | 39.58 | |
| 4/22/2019 | 7:45 | 16:30 | 8.75 | | |
| 4/23/2019 | 7:42 | 16:36 | 8.90 | | |
| 4/24/2019 | 7:46 | 16:31 | 8.75 | | |
| 4/25/2019 | 7:21 | 16:28 | 9.12 | | |
| 4/26/2019 | 7:40 | 16:26 | 8.77 | 39.28 | |
| 4/29/2019 | 7:35 | 16:34 | 8.98 | | |
| 4/30/2019 | 7:31 | 16:30 | 8.98 | | |
| 5/1/2019 | 7:47 | 16:30 | 8.72 | | |
| 5/2/2019 | 7:17 | 16:30 | 9.22 | | |
| 5/3/2019 | 7:48 | 16:31 | 8.72 | 39.62 | |
| 5/6/2019 | 7:35 | 16:44 | 9.15 | | |
| 5/7/2019 | 7:26 | 16:25 | 8.98 | | |
| 5/8/2019 | 7:54 | 16:32 | 8.63 | | |
| 5/9/2019 | 7:45 | 16:30 | 8.75 | | |
| 5/10/2019 | 8:00 | 17:00 | 9.00 | 39.52 | |
| 5/13/2019 | 7:39 | 16:23 | 8.73 | | |
| 5/14/2019 | 7:27 | 16:27 | 9.00 | | |
| 5/15/2019 | 7:24 | 16:30 | 9.10 | | |
| 5/16/2019 | 7:36 | 16:30 | 8.90 | | |
| 5/17/2019 | 7:40 | 16:24 | 8.73 | 39.47 | |
| 5/20/2019 | 7:24 | 16:32 | 9.13 | | |
| 5/21/2019 | 7:32 | 16:37 | 9.08 | | |
| 5/22/2019 | 7:41 | 16:40 | 8.98 | | |
| 5/23/2019 | 7:37 | 16:53 | 9.27 | | |
| 5/24/2019 | Vacation Day | | N/A | 32.47 | |
| 5/27/2019 | Holiday | | N/A | | |
| 5/28/2019 | Vacation Day | | N/A | | |
| 5/29/2019 | 7:31 | 16:30 | 8.98 | | |
| 5/30/2019 | Sick Day | | N/A | | |

| Date | In | Out | Hours | | |
|---|---|---|---|---|---|
| 5/31/2019 | Sick Day | | N/A | 7.98 | |
| 6/3/2019 | 9:30 | 16:45 | 7.25 | | |
| 6/4/2019 | 7:12 | 16:33 | 9.35 | | |
| 6/5/2019 | 7:37 | 16:30 | 8.88 | | |
| 6/6/2019 | 7:45 | 16:56 | 9.18 | | |
| 6/7/2019 | 7:41 | 16:30 | 8.82 | 38.48 | |
| 6/10/2019 | 7:37 | 16:54 | 9.28 | | |
| 6/11/2019 | 7:39 | 16:31 | 8.87 | | |
| 6/12/2019 | 7:35 | 16:23 | 8.80 | | |
| 6/13/2019 | 7:51 | 16:31 | 8.67 | | |
| 6/14/2019 | 7:35 | 16:30 | 8.92 | 39.53 | |
| 6/17/2019 | 7:33 | 16:30 | 8.95 | | |
| 6/18/2019 | 7:45 | 16:30 | 8.75 | | |
| 6/19/2019 | 7:00 | 16:30 | 9.50 | | |
| 6/20/2019 | 7:32 | 16:51 | 9.32 | | |
| 6/21/2019 | 7:52 | 16:30 | 8.63 | 40.15 | 0.15 |
| 6/24/2019 | 7:43 | 16:38 | 8.92 | | |
| 6/25/2019 | 7:45 | 16:30 | 8.75 | | |
| 6/26/2019 | 7:30 | 16:30 | 9.00 | | |
| 6/27/2019 | 7:28 | 16:30 | 9.03 | | |
| 6/28/2019 | 7:58 | 16:40 | 8.70 | 39.40 | |
| 7/1/2019 | 7:38 | 16:33 | 8.92 | | |
| 7/2/2019 | 7:31 | 16:30 | 8.98 | | |
| 7/3/2019 | 7:33 | 16:01 | 8.47 | | |
| 7/4/2019 | Holiday | | N/A | | |
| 7/5/2019 | 7:56 | 13:30 | 5.57 | 28.93 | |
| 7/8/2019 | 7:46 | 16:32 | 8.77 | | |
| 7/9/2019 | 7:41 | 16:41 | 9.00 | | |
| 7/10/2019 | 7:34 | 16:29 | 8.92 | | |
| 7/11/2019 | 7:54 | 16:30 | 8.60 | | |
| 7/12/2019 | 7:41 | 16:29 | 8.80 | 39.08 | |
| 7/15/2019 | 7:38 | 16:41 | 9.05 | | |
| 7/16/2019 | Off Day | | N/A | | |
| 7/17/2019 | 7:41 | 16:47 | 9.10 | | |
| 7/18/2019 | 7:23 | 16:30 | 9.12 | | |
| 7/19/2019 | 7:47 | 12:00 | 4.22 | 28.48 | |
| 7/22/2019 | Sick Day | | N/A | | |
| 7/23/2019 | 7:47 | 16:51 | 9.07 | | |
| 7/24/2019 | 7:44 | 16:30 | 8.77 | | |
| 7/25/2019 | 7:53 | 16:51 | 8.97 | | |
| 7/26/2019 | 7:48 | 16:29 | 8.68 | 31.48 | |
| 7/29/2019 | 8:03 | 16:46 | 8.72 | | |
| 7/30/2019 | 7:33 | 16:30 | 8.95 | | |
| 7/31/2019 | 7:34 | 16:30 | 8.93 | | |
| 8/1/2019 | 7:38 | 17:03 | 9.42 | | |
| 8/2/2019 | 7:19 | 16:30 | 9.18 | 40.20 | 0.20 |
| 8/5/2019 | 7:55 | 16:30 | 8.58 | | |
| 8/6/2019 | 7:29 | 17:13 | 9.73 | | |
| 8/7/2019 | 7:15 | 16:32 | 9.28 | | |
| 8/8/2019 | 7:18 | 16:35 | 9.28 | | |
| 8/9/2019 | 7:54 | 16:54 | 9.00 | 40.88 | 0.88 |
| 8/12/2019 | 7:33 | 16:45 | 9.20 | | |
| 8/13/2019 | 7:15 | 16:30 | 9.25 | | |
| 8/14/2019 | 7:29 | 16:30 | 9.02 | | |
| 8/15/2019 | 7:31 | 16:38 | 9.12 | | |
| 8/16/2019 | 7:41 | 16:47 | 9.10 | 40.68 | 0.68 |
| 8/19/2019 | 7:37 | 16:50 | 9.22 | | |
| 8/20/2019 | 7:34 | 16:30 | 8.93 | | |
| 8/21/2019 | 7:30 | 16:30 | 9.00 | | |
| 8/22/2019 | 7:29 | 16:46 | 9.28 | | |
| 8/23/2019 | 7:34 | 16:30 | 8.93 | 40.37 | 0.37 |

| Date | Time In | Time Out | Hours | Total | Overtime |
|---|---|---|---|---|---|
| 8/26/2019 | 7:34 | 16:49 | 9.25 | | |
| 8/27/2019 | 7:46 | 16:29 | 8.72 | | |
| 8/28/2019 | 7:26 | 17:06 | 9.67 | | |
| 8/29/2019 | 7:40 | 16:37 | 8.95 | | |
| 8/30/2019 | 7:37 | 16:30 | 8.88 | 40.47 | 0.47 |
| 9/3/2019 | 7:21 | 16:30 | 9.15 | | |
| 9/4/2019 | Holiday | | N/A | | |
| 9/5/2019 | 7:42 | 16:30 | 8.80 | | |
| 9/6/2019 | 7:34 | 16:30 | 8.93 | | |
| 9/7/2019 | 7:27 | 16:30 | 9.05 | 31.93 | |
| 9/9/2019 | 7:41 | 16:30 | 8.82 | | |
| 9/10/2019 | 7:41 | 16:30 | 8.82 | | |
| 9/11/2019 | 7:13 | 16:30 | 9.28 | | |
| 9/12/2019 | 7:27 | 16:30 | 9.05 | | |
| 9/13/2019 | Off Day | | N/A | 31.97 | |
| 9/16/2019 | 7:35 | 16:30 | 8.92 | | |
| 9/17/2019 | 7:32 | 16:30 | 8.97 | | |
| 9/18/2019 | 7:29 | 16:30 | 9.02 | | |
| 9/19/2019 | 7:23 | 16:30 | 9.12 | | |
| 9/20/2019 | 7:31 | 16:30 | 8.98 | 40.00 | |
| 9/23/2019 | 7:56 | 16:40 | 8.73 | | |
| 9/24/2019 | 7:54 | 17:22 | 9.47 | | |
| 9/25/2019 | 7:38 | 16:30 | 8.87 | | |
| 9/26/2019 | 7:42 | 16:30 | 8.80 | | |
| 9/27/2019 | 7:42 | 17:00 | 9.30 | 40.17 | 0.17 |
| 9/30/2019 | 7:31 | 16:30 | 8.98 | | |
| 10/1/2019 | 7:45 | 17:31 | 9.77 | | |
| 10/2/2019 | 7:35 | 17:13 | 9.63 | | |
| 10/3/2019 | 7:40 | 16:30 | 8.83 | | |
| 10/4/2019 | 7:38 | 16:49 | 9.18 | 41.40 | 1.40 |
| 10/7/2019 | 7:56 | 16:57 | 9.02 | | |
| 10/8/2019 | 7:35 | 16:30 | 8.92 | | |
| 10/9/2019 | 7:38 | 17:53 | 10.25 | | |
| 10/10/2019 | 7:31 | 17:04 | 9.55 | | |
| 10/11/2019 | 7:41 | 18:32 | 10.85 | 43.58 | 3.58 |
| 10/28/2019 | 8:32 | 18:14 | 9.70 | | |
| 10/29/2019 | 8:26 | 16:30 | 8.07 | | |
| 10/30/2019 | 8:47 | 16:30 | 7.72 | | |
| 10/31/2019 | 8:39 | 18:11 | 9.53 | | |
| 11/1/2019 | 8:41 | 17:40 | 8.98 | 39.00 | |
| 11/4/2019 | 8:32 | 18:14 | 9.70 | | |
| 11/5/2019 | 8:26 | 16:30 | 8.07 | | |
| 11/6/2019 | 8:47 | 16:30 | 7.72 | | |
| 11/7/2019 | 8:39 | 18:11 | 9.53 | | |
| 11/8/2019 | 8:41 | 17:40 | 8.98 | 39.00 | |
| 11/11/2019 | 8:44 | 16:30 | 7.77 | | |
| 11/12/2019 | 8:50 | 16:30 | 7.67 | | |
| 11/13/2019 | 8:43 | 16:30 | 7.78 | | |
| 11/14/2019 | 8:38 | 17:43 | 9.08 | | |
| 11/15/2019 | 8:44 | 17:34 | 8.83 | 36.13 | |
| 11/18/2019 | 8:39 | 17:44 | 9.08 | | |
| 11/19/2019 | Sick Day | | N/A | | |
| 11/20/2019 | 8:39 | 17:51 | 9.20 | | |
| 11/21/2019 | 8:38 | 16:30 | 7.87 | | |
| 11/22/2019 | 8:39 | 16:30 | 7.85 | 30.00 | |
| 11/25/2019 | 8:34 | 16:30 | 7.93 | | |
| 11/26/2019 | 8:44 | 16:30 | 7.77 | | |
| 11/27/2019 | 8:26 | 16:30 | 8.07 | | |
| 11/28/2019 | Holiday | | N/A | | |
| 11/29/2019 | Holiday | | N/A | 20.77 | |
| 12/2/2019 | 8:46 | 18:11 | 9.42 | | |

| | | | | | |
|---|---|---|---|---|---|
| 12/3/2019 | 8:47 | 17:49 | 9.03 | | |
| 12/4/2019 | 8:46 | 16:30 | 7.73 | | |
| 12/5/2019 | 8:30 | 16:30 | 8.00 | | |
| 12/6/2019 | 8:52 | 17:30 | 8.63 | 37.82 | |
| 12/9/2019 | 8:44 | 17:53 | 9.15 | | |
| 12/10/2019 | 8:42 | 18:39 | 9.95 | | |
| 12/11/2019 | 8:43 | 18:47 | 10.07 | | |
| 12/12/2019 | 8:28 | 18:57 | 10.48 | | |
| 12/13/2019 | 8:49 | 17:38 | 8.82 | 43.47 | 3.47 |
| 12/16/2019 | 8:55 | 18:05 | 9.17 | | |
| 12/17/2019 | 8:53 | 18:24 | 9.52 | | |
| 12/18/2019 | 8:44 | 18:18 | 9.57 | | |
| 12/19/2019 | 8:30 | 18:24 | 9.90 | | |
| 12/20/2019 | 8:45 | 19:44 | 10.98 | 44.13 | 4.13 |
| 12/23/2019 | 8:40 | 18:24 | 9.73 | | |
| 12/24/2019 | Holiday | | N/A | | |
| 12/25/2019 | Holiday | | N/A | | |
| 12/26/2019 | 8:41 | 19:52 | 11.18 | | |
| 12/27/2019 | 8:30 | 19:20 | 10.83 | 28.75 | |

| Date | Start Time | End Time | Total Time | Total Hours (Weekly) | OT Worked |
|---|---|---|---|---|---|
| 12/30/2019 | 8:31 | 16:30 | 7.98 | | |
| 12/31/2019 | 9:09 | 15:26 | 6.28 | | |
| 1/1/2020 | Holiday | | N/A | | |
| 1/2/2020 | 8:31 | 16:30 | 7.98 | | |
| 1/3/2020 | 8:25 | 17:55 | 9.50 | 27.75 | |
| 1/6/2020 | 8:41 | 18:30 | 9.82 | | |
| 1/7/2020 | 8:23 | 17:46 | 9.38 | | |
| 1/8/2020 | 8:41 | 18:10 | 9.48 | | |
| 1/9/2020 | 8:33 | 17:28 | 8.92 | | |
| 1/10/2020 | 8:46 | 17:43 | 8.95 | 41.55 | 1.55 |
| 1/13/2020 | 8:28 | 16:30 | 8.03 | | |
| 1/14/2020 | 11:13 | 16:30 | 5.28 | | |
| 1/15/2020 | No Time | | N/A | | |
| 1/16/2020 | 8:42 | 16:30 | 7.80 | | |
| 1/17/2020 | 8:51 | 20:06 | 11.25 | 32.37 | |
| 1/20/2020 | 8:37 | 17:00 | 8.38 | | |
| 1/21/2020 | 8:43 | 18:47 | 10.07 | | |
| 1/22/2020 | Off | | N/A | | |
| 1/23/2020 | 8:40 | 19:02 | 10.37 | | |
| 1/24/2020 | 8:33 | 20:01 | 11.47 | 36.28 | |
| 1/27/2020 | 9:39 | 18:11 | 8.53 | | |
| 1/28/2020 | 8:43 | 18:13 | 9.50 | | |
| 1/29/2020 | 8:42 | 18:00 | 9.30 | | |
| 1/30/2020 | 12:30 | 19:15 | 6.75 | | |
| 1/31/2020 | 8:51 | 18:26 | 9.58 | 39.67 | |
| 2/3/2020 | 8:39 | 18:42 | 10.05 | | |
| 2/4/2020 | 8:34 | 18:14 | 9.67 | | |
| 2/5/2020 | 8:24 | 16:30 | 8.10 | | |
| 2/6/2020 | 8:40 | 18:13 | 9.55 | | |
| 2/7/2020 | 8:32 | 18:04 | 9.53 | 41.90 | 1.90 |
| 2/10/2020 | 8:30 | 17:41 | 9.18 | | |
| 2/11/2020 | 8:41 | 15:58 | 7.28 | | |
| 2/12/2020 | 8:33 | 17:36 | 9.05 | | |
| 2/13/2020 | 8:24 | 17:35 | 9.18 | | |
| 2/14/2020 | 8:29 | 18:14 | 9.75 | 39.45 | |
| 2/18/2020 | Sick Day | | N/A | | |
| 2/19/2020 | 8:36 | 17:22 | 8.77 | | |
| 2/20/2020 | 8:31 | 17:47 | 9.27 | | |
| 2/21/2020 | 8:41 | 17:31 | 8.83 | | |
| 2/22/2020 | 8:51 | 17:15 | 8.40 | 31.27 | |
| 2/24/2020 | 8:27 | 17:33 | 9.10 | | |
| 2/25/2020 | 8:44 | 17:41 | 8.95 | | |
| 2/26/2020 | 8:35 | 17:44 | 9.15 | | |
| 2/27/2020 | 8:44 | 17:35 | 8.85 | | |
| 2/28/2020 | 8:34 | 18:35 | 10.02 | 41.07 | 1.07 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 3/2/2020 | 8:47 | 17:52 | 9.08 | | | |
| 3/3/2020 | 8:38 | 17:41 | 9.05 | | | |
| 3/4/2020 | 7:48 | 16:48 | 9.00 | | | |
| 3/5/2020 | 8:57 | 16:34 | 7.62 | | | |
| 3/6/2020 | 7:48 | 16:47 | 8.98 | | 41.48 | 1.48 |
| 3/9/2020 | 7:49 | 16:49 | 9.00 | | | |
| 3/10/2020 | 7:54 | 16:58 | 9.07 | | | |
| 3/11/2020 | 7:48 | 16:48 | 9.00 | | | |
| 3/12/2020 | 8:57 | 16:34 | 7.62 | | | |
| 3/13/2020 | 7:48 | 16:47 | 8.98 | | 38.97 | |
| 3/15/2020 | Work from Home | | N/A | | | |
| 3/16/2020 | Work from Home | | N/A | | | |
| 3/17/2020 | Work from Home | | N/A | | | |
| 3/18/2020 | Work from Home | | N/A | | | |
| 3/19/2020 | Work from Home | | N/A | | | |
| 3/20/2020 | Work from Home | | N/A | | Week | |
| 3/22/2020 | Work from Home | | N/A | | | |
| 3/23/2020 | Work from Home | | N/A | | | |
| 3/24/2020 | Work from Home | | N/A | | | |
| 3/25/2020 | Work from Home | | N/A | | | |
| 3/26/2020 | Work from Home | | N/A | | Week | |
| 3/30/2020 | Work from Home | | N/A | | | |
| 3/31/2020 | Work from Home | | N/A | | | |
| 4/1/2020 | Work from Home | | N/A | | | |
| 4/2/2020 | Work from Home | | N/A | | | |
| 4/3/2020 | Work from Home | | N/A | | Week | |
| 4/5/2020 | Work from Home | | N/A | | | |
| 4/6/2020 | Work from Home | | N/A | | | |
| 4/7/2020 | Work from Home | | N/A | | | |
| 4/8/2020 | Work from Home | | N/A | | | |
| 4/9/2020 | Work from Home | | N/A | | | |
| 4/10/2020 | Work from Home | | N/A | | Week | |
| 4/12/2020 | Work from Home | | N/A | | | |
| 4/13/2020 | Work from Home | | N/A | | | |
| 4/14/2020 | Work from Home | | N/A | | | |
| 4/15/2020 | Work from Home | | N/A | | | |
| 4/16/2020 | Work from Home | | N/A | | | |
| 4/17/2020 | Work from Home | | N/A | | Week | |
| 4/19/2020 | Work from Home | | N/A | | | |
| 4/20/2020 | Work from Home | | N/A | | | |
| 4/21/2020 | Work from Home | | N/A | | | |
| 4/22/2020 | Work from Home | | N/A | | | |
| 4/23/2020 | Work from Home | | N/A | | | |
| 4/24/2020 | Work from Home | | N/A | | Week | |
| 4/26/2020 | Work from Home | | N/A | | | |
| 4/27/2020 | Work from Home | | N/A | | | |

| Date | In | Out | Hours | | | |
|---|---|---|---|---|---|---|
| 4/28/2020 | Work from Home | | N/A | | | |
| 4/29/2020 | Work from Home | | N/A | | | |
| 4/30/2020 | Work from Home | | N/A | | | |
| 5/1/2020 | Work from Home | | N/A | | Week | |
| 5/4/2020 | Work from Home | | N/A | | | |
| 5/5/2020 | Work from Home | | N/A | | | |
| 5/6/2020 | Work from Home | | N/A | | | |
| 5/7/2020 | Work from Home | | N/A | | | |
| 5/8/2020 | Work from Home | | N/A | | Week | |
| 5/11/2020 | 7:52 | 18:12 | 10.33 | | | |
| 5/12/2020 | 7:30 | 17:16 | 9.77 | | | |
| 5/13/2020 | 7:20 | 16:53 | 9.55 | | | |
| 5/14/2020 | 6:50 | 16:51 | 10.02 | | | |
| 5/15/2020 | 7:06 | 17:00 | 9.90 | | 44.57 | 4.57 |
| 5/18/2020 | 7:20 | 17:07 | 9.78 | | | |
| 5/19/2020 | 7:17 | 18:07 | 10.83 | | | |
| 5/20/2020 | 11:18 | 16:31 | 5.22 | | | |
| 5/21/2020 | 7:19 | 16:37 | 9.30 | | | |
| 5/22/2020 | 7:07 | 18:51 | 11.73 | | 42.87 | 2.87 |
| 5/25/2020 | 7:31 | 16:30 | 8.98 | | | |
| 5/26/2020 | 7:26 | 16:57 | 9.52 | | | |
| 5/27/2020 | 7:18 | 16:29 | 9.18 | | | |
| 5/28/2020 | 7:13 | 18:00 | 10.78 | | | |
| 5/29/2020 | Off | | N/A | | 34.97 | |
| 6/1/2020 | Vacation | | N/A | | | |
| 6/2/2020 | 7:22 | 16:40 | 9.30 | | | |
| 6/3/2020 | 7:27 | 16:38 | 9.18 | | | |
| 6/4/2020 | 6:30 | 16:30 | 10.00 | | | |
| 6/5/2020 | 7:14 | 16:37 | 9.38 | | 36.37 | |
| 6/8/2020 | 9:12 | 17:38 | 8.43 | | | |
| 6/9/2020 | 7:16 | 19:00 | 11.73 | | | |
| 6/10/2020 | 7:19 | 17:33 | 10.23 | | | |
| 6/11/2020 | 7:17 | 17:40 | 10.38 | | | |
| 6/12/2020 | 7:16 | 18:19 | 11.05 | | 47.63 | 7.63 |
| 6/15/2020 | 7:28 | 16:30 | 9.03 | | | |
| 6/16/2020 | 7:23 | 17:41 | 10.30 | | | |
| 6/17/2020 | 7:07 | 16:15 | 9.13 | | | |
| 6/18/2020 | 7:18 | 16:50 | 9.53 | | | |
| 6/19/2020 | 7:07 | 16:52 | 9.75 | | 44.05 | 4.05 |
| 6/22/2020 | 8:15 | 16:55 | 8.67 | | | |
| 6/23/2020 | 7:10 | 17:48 | 10.63 | | | |
| 6/24/2020 | 7:23 | 15:21 | 7.97 | | | |
| 6/25/2020 | 7:21 | 16:30 | 9.15 | | | |
| 6/26/2020 | 7:26 | 11:25 | 3.98 | | 35.90 | |
| 6/30/2020 | 9:12 | 17:38 | 8.43 | | | |
| 6/31/2020 | 7:16 | 19:00 | 11.73 | | | |

| Date | In | Out | Hours | Col5 | Col6 |
|---|---|---|---|---|---|
| 7/1/2020 | 7:19 | 17:33 | 10.23 | | |
| 7/2/2020 | 7:17 | 17:40 | 10.38 | | |
| 7/3/2020 | 7:16 | 18:19 | 11.05 | 47.13 | 7.13 |
| 7/6/2020 | 7:25 | 16:53 | 9.47 | | |
| 7/7/2020 | 7:21 | 16:53 | 9.53 | | |
| 7/8/2020 | 7:27 | 17:00 | 9.55 | | |
| 7/9/2020 | Off | | N/A | | |
| 7/10/2020 | Off | | N/A | 27.25 | |
| 7/12/2020 | Off | | N/A | | |
| 7/13/2020 | Off | | N/A | | |
| 7/14/2020 | 7:19 | 16:22 | 9.05 | | |
| 7/15/2020 | 7:27 | 16:40 | 9.22 | | |
| 7/16/2020 | 7:13 | 17:00 | 9.78 | 25.35 | |
| 7/20/2020 | 7:23 | 16:41 | 9.30 | | |
| 7/21/2020 | 7:07 | 17:37 | 10.50 | | |
| 7/22/2020 | 7:44 | 16:22 | 8.63 | | |
| 7/23/2020 | 7:27 | 16:40 | 9.22 | | |
| 7/24/2020 | 7:13 | 16:30 | 9.28 | 42.93 | 2.93 |
| 7/27/2020 | 7:30 | 16:30 | 9.00 | | |
| 7/28/2020 | 7:21 | 16:40 | 9.32 | | |
| 7/29/2020 | 7:30 | 16:45 | 9.25 | | |
| 7/30/2020 | 7:28 | 16:38 | 9.17 | | |
| 7/31/2020 | 7:36 | 16:45 | 9.15 | 41.28 | 1.28 |
| 8/3/2020 | Sick Dat | | N/A | | |
| 8/4/2020 | 7:18 | 16:31 | 9.22 | | |
| 8/5/2020 | 7:26 | 17:00 | 9.57 | | |
| 8/6/2020 | 7:28 | 17:00 | 9.53 | | |
| 8/7/2020 | 7:25 | 16:55 | 9.50 | 35.62 | |
| 8/10/2020 | 9:06 | 16:30 | 7.40 | | |
| 8/11/2020 | 7:26 | 16:40 | 9.23 | | |
| 8/12/2020 | 7:22 | 16:30 | 9.13 | | |
| 8/13/2020 | 7:49 | 16:30 | 8.68 | | |
| 8/14/2020 | 7:44 | 16:28 | 8.73 | 38.18 | |
| 8/17/2020 | 8:31 | 17:08 | 8.62 | | |
| 8/18/2020 | 7:25 | 18:45 | 11.33 | | |
| 8/19/2020 | 7:29 | 18:01 | 10.53 | | |
| 8/20/2020 | 7:17 | 16:30 | 9.22 | | |
| 8/21/2020 | 7:18 | 16:30 | 9.20 | 43.90 | 3.90 |
| 8/24/2020 | 7:23 | 17:09 | 9.77 | | |
| 8/25/2020 | 7:26 | 16:30 | 9.07 | | |
| 8/26/2020 | 8:20 | 16:30 | 8.17 | | |
| 8/27/2020 | 8:12 | 16:30 | 8.30 | | |
| 8/28/2020 | 7:22 | 17:13 | 9.85 | 40.35 | 0.35 |
| 8/31/2020 | 8:34 | 17:30 | 8.93 | | |
| 9/1/2020 | 7:34 | 16:36 | 9.03 | | |
| 9/2/2020 | 7:27 | 16:34 | 9.12 | | |

| | | | | | |
|---|---|---|---|---|---|
| 9/3/2020 | 7:34 | 17:17 | 9.72 | | |
| 9/4/2020 | 7:33 | 17:35 | 10.03 | 42.73 | 2.73 |
| 9/6/2020 | No Time | | N/A | | |
| 9/7/2020 | 7:27 | 16:48 | 9.35 | | |
| 9/8/2020 | 7:31 | 16:59 | 9.47 | | |
| 9/9/2020 | 7:44 | 16:28 | 8.73 | | |
| 9/10/2020 | 7:26 | 17:19 | 9.88 | 33.63 | |
| 9/14/2020 | 7:23 | 16:37 | 9.23 | | |
| 9/15/2020 | 7:33 | 16:45 | 9.20 | | |
| 9/16/2020 | 7:28 | 16:30 | 9.03 | | |
| 9/17/2020 | 7:29 | 17:22 | 9.88 | | |
| 9/18/2020 | 7:21 | 16:30 | 9.15 | 42.30 | 2.30 |
| 9/21/2020 | 7:37 | 17:22 | 9.75 | | |
| 9/22/2020 | 7:34 | 16:48 | 9.23 | | |
| 9/23/2020 | 7:48 | 16:45 | 8.95 | | |
| 9/24/2020 | 7:29 | 16:46 | 9.28 | | |
| 9/25/2020 | 7:28 | 16:38 | 9.17 | 42.18 | 2.18 |
| 9/28/2020 | 7:48 | 16:27 | 8.65 | | |
| 9/29/2020 | 7:30 | 17:19 | 9.82 | | |
| 9/30/2020 | 7:34 | 16:41 | 9.12 | | |
| 10/1/2020 | 7:28 | 18:14 | 10.77 | | |
| 10/2/2020 | Vacation | | N/A | 35.55 | |
| 10/5/2020 | 7:45 | 17:21 | 9.60 | | |
| 10/6/2020 | 7:43 | 18:08 | 10.42 | | |
| 10/7/2020 | 7:32 | 16:46 | 9.23 | | |
| 10/8/2020 | 7:41 | 16:41 | 9.00 | | |
| 10/9/2020 | 7:38 | 16:30 | 8.87 | 43.52 | 3.52 |
| 10/12/2020 | 7:57 | 16:54 | 8.95 | | |
| 10/13/2020 | 7:40 | 12:22 | 4.70 | | |
| 10/14/2020 | 7:28 | 16:00 | 8.53 | | |
| 10/15/2020 | 7:37 | 17:30 | 9.88 | | |
| 10/16/2020 | 7:36 | 17:45 | 10.15 | 39.22 | |
| 10/19/2020 | 7:36 | 16:27 | 8.85 | | |
| 10/20/2020 | 7:31 | 16:34 | 9.05 | | |
| 10/21/2020 | 8:08 | 16:44 | 8.60 | | |
| 10/22/2020 | No Time | | N/A | | |
| 10/23/2020 | 1/2 Day Vacation | | 4.00 | 28.00 | |
| 10/26/2020 | 7:36 | 16:13 | 8.62 | | |
| 10/27/2020 | 7:40 | 16:30 | 8.83 | | |
| 10/28/2020 | 7:33 | 16:40 | 9.12 | | |
| 10/29/2020 | 7:32 | 17:00 | 9.47 | | |
| 10/30/2020 | 7:36 | 17:00 | 9.40 | 40.83 | 0.83 |
| 11/2/2020 | 10:32 | 17:00 | 6.47 | | |
| 11/3/2020 | 8:57 | 17:25 | 8.47 | | |
| 11/4/2020 | 8:38 | 17:24 | 8.77 | | |
| 11/5/2020 | 8:32 | 17:32 | 9.00 | | |

| Date | Start | End | Hours | Total | Overtime |
|---|---|---|---|---|---|
| 11/6/2020 | 8:31 | 18:28 | 9.95 | 39.65 | |
| 11/9/2020 | 8:37 | 17:31 | 8.90 | | |
| 11/10/2020 | 8:34 | 17:10 | 8.60 | | |
| 11/11/2020 | 8:38 | 17:24 | 8.77 | | |
| 11/12/2020 | 8:41 | 18:03 | 9.37 | | |
| 11/13/2020 | 8:35 | 17:00 | 8.42 | 40.05 | 0.05 |
| 11/16/2020 | 8:38 | 17:35 | 8.95 | | |
| 11/17/2020 | 8:45 | 17:37 | 8.87 | | |
| 11/18/2020 | 8:37 | 16:30 | 7.88 | | |
| 11/19/2020 | 8:37 | 17:42 | 9.08 | | |
| 11/20/2020 | 6:30 | 17:44 | 11.23 | 42.52 | 2.52 |
| 11/22/2020 | 8:38 | 18:09 | 9.52 | | |
| 11/23/2020 | 8:34 | 17:04 | 8.50 | | |
| 11/24/2020 | 8:39 | 19:20 | 10.68 | | |
| 11/25/2020 | Holiday | | N/A | | |
| 11/26/2020 | Holiday | | N/A | | |
| 11/27/2020 | 11:24 | 14:38 | 3.23 | 28.93 | |
| 11/30/2020 | 8:33 | 17:32 | 8.98 | | |
| 12/1/2020 | 8:50 | 17:45 | 8.92 | | |
| 12/2/2020 | 8:57 | 17:35 | 8.63 | | |
| 12/3/2020 | 8:50 | 17:48 | 8.97 | | |
| 12/4/2020 | 8:56 | 18:01 | 9.08 | 41.18 | 1.18 |
| 12/7/2020 | 8:45 | 17:38 | 8.88 | | |
| 12/8/2020 | 8:54 | 19:11 | 10.28 | | |
| 12/9/2020 | 8:46 | 17:43 | 8.95 | | |
| 12/10/2020 | 8:46 | 17:46 | 9.00 | | |
| 12/11/2020 | 8:51 | 17:49 | 8.97 | 42.58 | 2.58 |
| 12/14/2020 | 9:04 | 18:08 | 9.07 | | |
| 12/15/2020 | 8:38 | 17:00 | 8.37 | | |
| 12/16/2020 | 8:56 | 18:01 | 9.08 | | |
| 12/17/2020 | 8:41 | 18:10 | 9.48 | | |
| 12/18/2020 | 8:48 | 17:00 | 8.20 | 41.20 | 1.20 |
| 12/21/2020 | 8:49 | 18:05 | 9.27 | | |
| 12/22/2020 | 8:49 | 17:00 | 8.18 | | |
| 12/23/2020 | 8:37 | 17:58 | 9.35 | | |
| 12/24/2020 | Holiday | | N/A | | |
| 12/25/2020 | Holiday | | N/A | 23.80 | |
| 12/28/2020 | 8:48 | 18:18 | 9.50 | | |
| 12/29/2020 | 8:56 | 17:36 | 8.67 | | |
| 12/30/2020 | 8:53 | 17:00 | 8.12 | | |
| 12/31/2020 | 8:49 | 17:00 | 8.18 | | |
| 1/1/2021 | Holiday | | N/A | 30.97 | |

| Date | Start Time | End Time | Total Time | Total Hours (Weekly) | OT Worked |
|---|---|---|---|---|---|
| 1/4/2021 | 8:45 | 17:57 | 9.20 | | |
| 1/5/2021 | 8:59 | 18:39 | 9.67 | | |
| 1/6/2021 | 8:34 | 17:30 | 8.93 | | |
| 1/7/2021 | 8:45 | 18:05 | 9.33 | | |
| 1/8/2021 | 8:41 | 19:15 | 10.57 | 42.80 | 2.80 |
| 1/10/2021 | 8:40 | 17:37 | 8.95 | | |
| 1/11/2021 | 8:41 | 17:47 | 9.10 | | |
| 1/12/2021 | 9:04 | 18:27 | 9.38 | | |
| 1/13/2021 | 8:30 | 18:01 | 9.52 | | |
| 1/14/2021 | 8:47 | 16:56 | 8.15 | 40.80 | 0.80 |
| 1/18/2021 | 8:45 | 17:38 | 8.88 | | |
| 1/19/2021 | 8:43 | 18:51 | 10.13 | | |
| 1/20/2021 | 8:53 | 18:19 | 9.43 | | |
| 1/21/2021 | 8:24 | 18:00 | 9.60 | | |
| 1/22/2021 | 8:41 | 19:15 | 10.57 | 44.72 | 4.72 |
| 1/24/2021 | 8:29 | 17:00 | 8.52 | | |
| 1/25/2021 | 9:36 | 18:13 | 8.62 | | |
| 1/26/2021 | 8:31 | 18:36 | 10.08 | | |
| 1/27/2021 | 8:25 | 18:25 | 10.00 | | |
| 1/28/2021 | 8:43 | 17:00 | 8.28 | 40.90 | 0.90 |
| 2/1/2021 | 9:34 | 17:00 | 7.43 | | |
| 2/2/2021 | 5:12 | 16:15 | 11.05 | | |
| 2/3/2021 | 8:47 | 19:22 | 10.58 | | |
| 2/4/2021 | 8:24 | 16:28 | 8.07 | | |
| 2/5/2021 | Work from Home | | N/A | 33.13 | |
| 2/7/2021 | 10:00 | 18:00 | 8.00 | | |
| 2/8/2021 | No Time | | N/A | | |
| 2/9/2021 | No Time | | N/A | | |
| 2/10/2021 | No Time | | N/A | | |
| 2/11/2021 | No Time | | N/A | 8.00 | |

| Year | OT Worked | Lawsuit Calculations |
|------|-----------|----------------------|
| 2018 | 10.78 | N/A |
| 2019 | 33.43 | 20.57 |
| 2020 | 59.82 | 59.82 |
| 2021 | 9.22 | 9.22 |
| Total | 113.25 | 89.6 |

| Year | Weeks with No OT | Total Weeks Worked | Percent |
|------|------------------|--------------------|---------|
| 2019 | 27 | 40 | 67.50% |
| 2020 | 30 | 53 | 56.60% |
| 2021 | 2 | 6 | 33.33% |
| Total | 59 | 99 | 59.60% |