IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CYNTHIA GOYNE and
BRITTANY STUTZMAN                                                              PLAINTIFFS

vs.                                      No. 4:21-cv-199-KGB

PROPEL TRUCKING, INC. and
MARC CAMPBELL                                                                  DEFENDANTS

**DEFENDANT'S PRE-TRIAL DISCLOSURE SHEET**

The Defendants, Propel Trucking, Inc. and Marc Campbell, by and through their attorneys, Fuqua Campbell, P.A., submit this Pre-Trial Disclosure Sheet pursuant to the Court's Scheduling Order.

1. **The identity of the party submitting information.**

The information is being submitted on behalf of Defendants by and through their attorneys.

2. **The names, addresses, and telephone numbers of all counsel for the party.**

   Phil Campbell
   Fuqua Campbell, P.A.
   3700 Cantrell Road, Suite #205
   Little Rock, Arkansas 72202
   (501) 975-7130 – Telephone
   (501) 975-7153 – Facsimile
   pcampbell@fc-lawyers.com

3. **A brief summary of claims and relief sought.**

Plaintiffs claim that Defendants improperly classified them as exempt employees. Plaintiffs claim they were nonexempt employees entitled to overtime under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. (the "AMWA"). Plaintiffs seek unexplained compensatory damages for the overtime they allegedly worked.

4. **Prospects for settlement.  (Note: The Court expects attorneys to confer and explore the possibility of settlement prior to answering these inquiries.)**

The prospects for settlement are poor.

5. **The basis for jurisdiction or objections to jurisdiction.**

Jurisdiction is based on 28 U.S.C. § 1331. Defendants do not object to the Court's jurisdiction.

6. **A list of pending motions.**

There are no pending motions.

7. **A concise summary of the facts.**

Plaintiff Cynthia Goyne was hired at Propel in September of 2012, quit, and was rehired in 2015. Ms. Goyne worked as the fleet manager, transportation specialist, and safety manager for Propel. Ms. Goyne also managed Propel's finances as administrator of the company's Comdata account (a $45,000 line of credit managed by Ms. Goyne alone). In Ms. Goyne's various roles, she exercised discretion and independent judgement critical to the success or failure of Propel. Her decisions were critical to whether the company made or lost money, whether the drivers made or lost money, and whether the company performed in a safe manner in compliance with federal and state regulations. Ms. Goyne also supervised and managed multiple personnel.

Plaintiff Brittany Stutzman was also hired in 2012 and worked until September of 2021. During the relevant period, Ms. Stutzman worked as a fleet manager and, later, Planner for the

US Express side of Propel's business. In both these roles, she exercised discretion and independent judgement critical to the success or failure of her employer. Her decisions were critical to whether the company made or lost money. In 2020, Propel was audited by the DOL and Ms. Stutzman was found to be properly classified as an exempt employee. In Ms. Stutzman's role as Planner, she supervised and managed at least two employees.

Ms. Stutzman also owned and operated her own brokerage company, DBZ, Inc. Propel had a 40-60 agreement with DBZ, Inc., in which Ms. Stutzman received 60% of all income brought in by DBZ, Inc. and Propel received 40%. Marc Campbell was Ms. Stutzman's business partner. As business partners, Ms. Stutzman was exempt.

8. **All proposed stipulations.**

Defendants will stipulate, and believes Plaintiffs will stipulate, to the following facts, which stipulations will help shorten the trial:

- Plaintiffs were required to keep their time.

- Plaintiff Stutzman "refused" to keep her time.

- Plaintiffs were paid the required salary amount to be considered exempt.

- The Department of Labor conducted an audit of Propel and found Plaintiff Stutzman to be properly classified as an exempt employee.

- The hours recorded by Plaintiff Goyne as shown on the summary prepared by Defendants are correct and accurate.

- If Plaintiffs are found to be nonexempt, any overtime pay due Plaintiffs will be paid at half rate.

- The two-year time period applied to each Plaintiff.

9. **The issues of fact expected to be contested.**

Defendants expect that the following issues of fact will be contested:

- Plaintiffs' respective duties and the importance of said duties.

- Whether or not Plaintiffs exercised discretion and independent judgment in the execution of their respective job duties with respect to matters of significance.

- Whether or not Plaintiffs' primary duty was management.

- Whether or not Plaintiffs supervised two or more employees.

- Whether or not Plaintiffs had the authority to hire or fire drivers or, alternatively, suggest and recommend hiring, firing, advancement, promotion, or other change of status of other employees, which suggestions were given particular weight.

- If found to be nonexempt, the amount of damages incurred by Plaintiffs.

- If found to be nonexempt, the amount of overtime hours worked by Plaintiffs.

10. **The issues of law expected to be contested.**

Defendants expect that the following issues of law will be contested:

- Whether or not Plaintiffs fell within the executive exemption.

- Whether or not Plaintiffs fell within the administrative exemption.

- Whether or not the evidence produced by Plaintiffs in discovery is admissible or sufficient to prove damages.

- Whether or not Plaintiffs were properly classified as exempt employees

11. **A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

a. Email correspondence between Plaintiff(s) and Defendant(s).

b. Text correspondence between Plaintiff(s) and Defendant(s).

c. Correspondence between Plaintiff(s) and Defendants' customers/potential customers.

d. Correspondence to/from Plaintiff Stutzman re DBZ, Inc. and her resale business.

e. Plaintiff Goyne's resume reflecting her job duties.

f. Plaintiffs' paystubs.

g. Plaintiffs' timesheets.

h. Lease termination letter reflecting Plaintiff Goyne's authority to terminate Defendants' drivers.

i. Defendants' charts and summaries reflecting hours worked by Plaintiffs.

j. Checks from Propel Trucking, Inc. to DBZ, Inc.

k. Results from DOL audit confirming Plaintiff Stutzman's status as an exempt employee.

l. Plaintiff Goyne's business card.

m. Plaintiffs' deposition transcripts.

n. Plaintiffs' responses to written discovery.

o. Contracts and agreements signed on company's behalf by Plaintiff(s).

12. **The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

a. Marc Campbell (expects to call)
Propel Trucking, Inc.

b. Kristie Brown (expects to call)
Propel Trucking, Inc.

c. Mona Campbell (may call)

Propel Trucking, Inc.

d.     Jason Vaughn (may call)
Propel Trucking, Inc.

e.     Shealynn Brown (may call)
Propel Trucking, Inc.

f.     Lonnie Hayes (may call)
Propel Trucking, Inc.

g.     Tony Anthony (may call)
11 W. 7th Street
Russellville, AR 72801

**13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery is complete.

**14. An estimate of the length of trial and suggestions for expediting disposition of the action.**

If a trial is necessary, Defendants estimate the trial will take approximately two days to complete. At this time, and other than the referenced stipulations, Defendants have no suggestions for expediting disposition of this action.

Respectfully submitted,

FUQUA CAMPBELL, P.A.
425 West Capitol Avenue, Suite 400
Little Rock, Arkansas 72201
(501) 374-0200 - Telephone
(501) 975-7153 - Facsimile
pcampbell@fc-lawyers.com

By:     /s/ Phil Campbell, AR Bar No. 81028

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

  I, Phil Campbell, do hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System with notification sent via email to the following individual, this 31 day of July, 2023:

Sean Short
sean@sandfordlawfirm.com
10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

                 /s/ Phil Campbell