IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CYNTHIA GOYNE and BRITTANY STUTZMAN**                                      **PLAINTIFFS**

vs.                                              No. 4:21-cv-199-KGB

**PROPEL TRUCKING, INC.,**                                                    **DEFENDANTS**
**and MARC CAMPBELL**

### PLAINTIFFS' PRETRIAL DISCLOSURE SHEET

Plaintiffs Cynthia Goyne and Brittany Stutzman ("Plaintiffs"), by and through their attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, for their Pretrial Disclosure Sheet, do hereby state as follows:

**1.     Identity of the party submitting information.**

Plaintiffs Cynthia Goyne and Brittany Stutzman by and through their attorneys of the Sanford Law Firm, PLLC.

**2.     Names, addresses, and telephone numbers of all counsel for the parties.**

Sean Short and Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Phone: (501) 221-0088, Facsimile: 888-787-2040, Email: sean@sanfordlawfirm.com and josh@sanfordlawfirm.com.

**3.     A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201, *et seq.* The

FLSA and AMWA requires employers to pay employees one and one-half times their regular rate for all hours worked over 40 per week. 29 U.S.C. § 206, 207; Ark. Code Ann. § 11-4-210–211. Defendants paid Plaintiffs a salary plus bonuses and commissions. Plaintiffs regularly worked in excess of 40 hours per week throughout their tenure with Defendants. Defendants violated the FLSA and AMWA by failing to pay Plaintiffs lawful overtime wages for all hours worked over forty each week. Therefore, Plaintiffs seek to recover damages in the form of unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and Ark. Code Ann. § 11-4-218.

**4.     Prospects for settlement.**

No substantive settlement negotiations have taken place to date. Plaintiffs remain open to a reasonable settlement and are hopeful that Defendant will be receptive to entering negotiations and avoiding the expense of trial, if possible.

**5.     The basis for jurisdiction and objections to jurisdiction.**

The United States District Court for the Eastern District of Arkansas has jurisdiction over this suit under 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA. Plaintiffs were employed by and performed work for Defendants in the State of Arkansas; therefore, AMWA violations have also arisen out of the same set of operative facts as the federal cause of action. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

**6.     A list of pending motions.**

None.

**7.  A concise summary of the facts.**

Defendants Propel Trucking, Inc., and Marc Campbell owned and operated a

company providing trucking and transportation services. Plaintiff Goyne was employed by Defendants from July of 2012 until February of 2021 and was assigned job duties including dispatching freight, submitting payroll, and completing basic work related to billing, insurance and new hires. Plaintiff Stutzman was employed by Defendants from September of 2012 until September of 2021 and was assigned job duties including dispatching freight and providing customer support for Defendants' customers.

During the relevant time period Plaintiffs were paid a salary plus bonuses and commissions and misclassified by Defendants as exempt from the overtime requirements of the FLSA. Plaintiffs regularly worked more than 40 hours per week and Defendants failed to pay Plaintiffs an overtime premium for hours worked over 40 in a workweek.

Defendants knew or should have known that the amount of work assigned to Plaintiffs regularly required them to work over forty hours per week in order to complete all of their assignments and that their job duties did not qualify them for any exemption. Defendants violated the FLSA and AMWA by failing to pay Plaintiffs lawful overtime wages for all hours worked over forty each week. As such, Defendants deprived Plaintiffs of compensation for all of the hours worked over forty per week.

**8. All proposed stipulations.**

A.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

B.  Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complain.

Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

    C.    Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendants therefore "reside" in Arkansas.

    D.    Plaintiffs were citizens of the United States and residents of and domiciled in the State of Arkansas at the time of the filing Plaintiffs' Original Complaint.

    E.    Propel Trucking, Inc., conducts business within the State of Arkansas.

    F.    Propel Trucking, Inc., qualifies as a covered "employer" as that term is defined by the FLSA and AMWA.

    G.    Propel Trucking, Inc.'s, annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint.

    H.    In the course of performing their work for Propel Trucking, Inc., Plaintiffs regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

    I.    Plaintiffs participated in interstate commerce as part of their job by ordering supplies that have been produced and purchased out-of-state.

    J.    At all times relevant to this action, Propel Trucking, Inc., employed at least four individuals on a full-time basis.

    K.    Propel Trucking, Inc., is subject to the provisions of the FLSA and AMWA.

L. As employees of Defendants, Plaintiffs were entitled to the protections of the FLSA and AMWA during their tenures of employment.

M. Separate Defendant Marc Campbell ("Campbell") is an employer subject to the requirements of the FLSA and the AMWA.

N. Defendant Campbell, individually in his role as an operating employer of Propel Trucking, Inc., had the power to hire and fire Plaintiffs, supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay or lack thereof.

O. Plaintiff Goyne was employed by Defendants from July of 2012 until February of 2021.

P. Plaintiff Stutzman was employed by Defendants from September of 2012 until September of 2021.

Q. Plaintiffs were salaried employees of Defendants and were at all relevant times classified as exempt employees by Defendants.

R. Plaintiffs were routinely required to work in excess of forty (40) hours per week.

S. Defendants did not pay Plaintiffs 1.5x their regular rate for hours worked over 40 each week.

**9. The issues of fact expected to be contested.**

A. The number of hours that Plaintiffs worked per week.

B. Plaintiffs' job duties and the amount of time devoted to Plaintiffs' various job duties.

**10.  The issues of law expected to be contested.**

A. Whether Plaintiffs were misclassified as exempt from the overtime requirements of the FLSA and AMWA.

B. The applicable statute of limitations (willfulness).

C. Liquidated damages (i.e., whether Defendants acted in objective and subjective good faith in failing to compensate Plaintiffs as required under the FLSA).

D. The amount of damages owed to Plaintiffs.

**11.  A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiffs expect to offer:

A. Time and pay records for Plaintiffs;

B. Excerpts from Plaintiffs' employee files;

C. Emails and text messages from Plaintiffs to Defendants; and

D. Damage calculations.

Plaintiffs may offer the following exhibits:

A. Any filed document of record by Defendants in this case;

B. Any filed document of record by Plaintiffs in this case;

C. Any and all documents exchanged by the Parties in this case; and

    D.    All exhibits listed in Defendants' Pretrial Disclosures.

**12. The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiffs expect to call the following individuals as witnesses:

    A.    Plaintiff Cynthia Goyne;

    B.    Plaintiff Brittany Stutzman; and

    C.    Marc Campbell.

Plaintiffs may call:

    A.    Any and all witnesses identified by or called by Defendants at any point in this case;

    B.    Any and all witnesses in the courtroom attending the trial at the request of, or on behalf of, Defendants;

**13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery is complete.

**14. An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiffs estimate that the trial of this matter can be accomplished in two days.

Respectfully submitted,

**PLAINTIFFS CYNTHIA GOYNE and BRITTANY STUTZMAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com