IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CYNTHIA GOYNE and**
**BRITTANY STUTZMAN**                                            **PLAINTIFFS**

vs.                                      No. 4:21-cv-199-KGB

**PROPEL TRUCKING, INC.**
**and MARC CAMPBELL**                                            **DEFENDANTS**

<u>**PLAINTIFFS' TRIAL BRIEF**</u>

## I.   INTRODUCTION

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Arkansas Minimum Wage Act ('AMWA") A.C.A. § 11-4-210 *et seq*., to recover overtime wages owed to Plaintiffs Cynthia Goyne and Brittany Stutzman. Defendants own and operates a trucking and logistics business where Plaintiff Goyne was employed to do general office work and Plaintiff Stutzman was employed as a "fleet manager." Defendants misclassified Plaintiffs as exempt from the overtime requirements of the FLSA and paid them a salary. Many of Plaintiffs' duties were not managerial and would not qualify them for an overtime exemption. Plaintiffs regularly worked over forty hours per week but Defendants did not pay Plaintiffs overtime wages of one and one-half times their regular rate as required by the FLSA and AMWA.

Plaintiffs anticipates that the primary disputes at trial in this matter will be (1) the exemptions under the FLSA and AMWA; (2) the number of hours worked by Plaintiffs; (3) Plaintiffs' entitlement to liquidated damages; and (4) the applicable statute of limitations.

## II.     FACTUAL BACKGROUND

Defendant Propel Trucking, Inc., is a domestic, for-profit corporation, organized and conducting business under the laws of the State of Arkansas. Defendant Marc Campbell is an individual and resident of Arkansas. Defendants operate a trucking and logistics company where Plaintiff Goyne was employed from July of 2012 until February of 2021 as a salaried office manager. Plaintiff Stutzman was employed from September of 2012 until September of 2021 as a salaried fleet manager. Despite the titles, Plaintiffs' job duties were not managerial. The work Plaintiff Goyne performed for Defendants included dispatching freight, submitting payroll, and completing administrative work related to billing, insurance and new hires. Plaintiff Stutzman's primary job duties included dispatching freight and providing customer support for Defendants' customers. These were the tasks Plaintiffs were hired to perform and that occupied the majority of Plaintiffs' time spent working for Defendants. All of this work was done under the direction and close supervision of Defendants. Within the relevant time period Plaintiffs were classified as exempt from the overtime requirements of the FLSA and paid a salary.

## III.     BURDENS OF PROOF

Defendants have the burden of proof as to the applicability of any exemptions as to Plaintiffs. Plaintiffs have the burden of proof as to the number of hours that they worked, subject to the applicability of the more lenient *Mt. Clemens* standard as described herein.  Defendants have the burden of proof as to the establishment of objective or subjective good faith and the resulting award of liquidated damages.  Plaintiffs have the burden of proof as to willfulness, as it relates to the applicability of a two or three year

statute of limitations.

## IV. ARGUMENT

### A. Plaintiffs are protected by the FLSA because they do not qualify for any overtime exemption.

The FLSA creates certain financial obligations upon employers such as Defendants, including the requirements of minimum wages of $7.25 per hour and that for every hour worked over forty per week, the employer must pay a premium rate of one-and-one-half times the employee's normal hourly rate.  29 U.S.C. § 206, 207. The FLSA exempts certain employees from its overtime protections, including "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The employee must meet each of the prongs of the executive, administrative, and professional exemptions to qualify for the exemption, and Defendants bear the burden of proving the applicability of an exemption. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1156 (11th Cir. 2008).

Defendants are expected to argue that Plaintiffs were employed in an exempt executive or administrative capacity.

### i.     Plaintiffs do not Qualify for the Executive Exemption.

The FLSA defines an exempt "executive" as any employee:

(1) Compensated on a salary basis at a rate of not less than $684 per week […], exclusive of board, lodging or other facilities;
(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
(3) Who customarily and regularly directs the work of two or more other employees; and
(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100. The regulations define "primary duty" as the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a).

Plaintiffs failed to meet the second requirement of the executive exemption for two reasons: 1) Plaintiffs were not engaged in the "management of the enterprise . . . or of a customarily recognized department or subdivision thereof;" and 2) even if Plaintiffs engaged in some level of management as required by the rule, such management certainly did not constitute Plaintiffs' "primary duty." 29 C.F.R. § 541.100(a)(2). The regulations state that:

> "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102.

Plaintiffs neither managed Defendants' entire enterprise nor a "customarily recognized department or subdivision thereof."

Even if Defendants were to demonstrate that Plaintiffs performed some duties which might fall under the description of "management," those duties were not Plaintiffs' primary duties. As noted above, "primary duties" are the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). Plaintiffs are

expected to testify that the duties that occupied most of their time and the duties that they were hired to perform were not managerial in nature.

Finally, Plaintiffs did not qualify for the fourth and final prong of the executive exemption during their time because Plaintiffs did not have the "authority to hire or fire other employees" nor were their "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given particular weight." 29 C.F.R. § 541.100(a).

**ii.     Plaintiffs do not Qualify for the Administrative Exemption.**

Under 29 C.F.R. § 541.200, the term "employee employed in a bona fide administrative capacity" means any employee:

(1)  Compensated on a salary or fee basis at a rate of not less than $684 per week . . . ;
(2)  Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
(3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

The phrase "exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered," and "matters of significance" refers to "the level of importance or consequence of the work performed." 29 C.F.R. § 541.202(a).

The following factors should be considered when determining whether an employee exercises the requisite discretion and independent judgment:

whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects the business

operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29. C.F.R. § 541.202(b). Many of these activities pertain to whether the employee exercised discretion as to matters affecting the management or operation of the business or was involved in planning business objectives. Other factors relate to whether an employee had the authority to bind the company or negotiate on behalf of the company.

The phrase "discretion and independent judgment" must be applied in light of all the facts involved in the particular employment situation in which the question arises, and "must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources." 29 C.F.R. § 541.202(b), (e). Where an employee "merely applies his knowledge in following prescribed procedures or determining which procedure to follow, or . . . determines whether specified standards are met or whether an object falls into one or another of a number of definite grades, classes, or other categories, with or without the use of testing or measuring devices," the employee is not exercising discretion and independent judgment according to the FLSA. *Schaefer v. Indiana Michigan Power Co.*, F.3d 394, 404 (6th Cir. 2004).[1] This is true even if there is some leeway in reaching a conclusion, as when an acceptable standard includes a

---

[1]     "Perhaps the most frequent cause of misapplication of the term 'discretion and independent judgment' is the failure to distinguish it from the use of skill in various respects." Schaefer, 358 F.3d at 404.

range or a tolerance above or below a specific standard. *Id*.

Employees who engage in "clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, or recurrent or routine work," are not exercising discretion and independent judgment. *Id*. In addition, "[a]n employee does not exercise discretion and independent judgment in matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly." 29 C.F.R. § 541.202(f).

As discussed above, Plaintiffs will testify that their job duties consisted primarily of completing menial and rote tasks, all of which was done under the direction and close supervision of Defendants.

**B. Plaintiffs were not paid all Overtime Due for all Work Performed over Forty Hours per Week, and Defendants had Actual and/or Constructive Knowledge that Plaintiffs were Performing the Work.**

Plaintiffs were not paid all overtime premiums due for work they performed over forty hours per week. "An employee who sues for unpaid overtime 'has the burden of proving that he performed work for which he was not properly compensated.'" *Thompson v. Shock*, No. 4:13-cv-735-KGB, 2015 U.S. Dist. LEXIS 81902, at *38–39 (E.D. Ark. June 24, 2015) (citing *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014)). "Only a just and reasonable inference need be established as to the uncompensated work performed, and once the plaintiff has produced evidence of uncompensated labor 'the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Dole v. Tony and Susan Alamo Found.*, 915 F.2d 349, 351 (8th Cir. 1990).

Employers can use "any timekeeping method they choose" as long as the method is "complete and accurate." *Recordkeeping Requirements Under the Fair Labor Standards Act*, Wage and Hour Division Fact Sheet No. 021; *See also* 29 C.F.R. § 516.1; *See also* ARLSD § 010.14-102(A)(4). However, the obligation to maintain accurate time records is always on the employer, not the employee; "the employer cannot transfer his statutory duty to his employees." *Goldberg v. Cockrell*, 303 F.2d 811, n.1 (5th Cir. 1962) (citing *Mitchell v. Reynolds*, 125 F. Supp. 337, 340 (W.D. Ark. 1954) ("[W]hile there is nothing to prevent an employer from delegating to his employees the duty of keeping a record of their hours, the employer does so at his own peril. He cannot escape the record-keeping provisions of the Act by delegating that duty to his employees.")); *Kuebel v. Black & Decker, Inc.,* 643 F.3d 352, 363 (2d Cir. 2011) ("[O]nce an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee failed to properly record or claim his overtime hours.").

Courts specifically authorize plaintiffs to rely on their own recollections when testifying about their hours worked in the absence of accurate time records maintained by the employer. *Mt. Clemens*, 328 U.S. at 687; *Moran v. Al Basit LLC*, 788 F.3d 201, 206 (6th Cir. 2015); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011); *Mumbower v. Callicott*, 526 F.2d 1183, 1186 (8th Cir. 1975).[2] Further, a plaintiff's testimony

---

[2]    *See also Alston v. DirecTV, Inc.*, 254 F. Supp. 3d 765, 788 (D.S.C. 2017); *Meadows v. NCR Corp.*, No. 16 CV 6221, 2017 U.S. Dist. LEXIS 185801, at *27–28 (N.D. Ill. Nov. 9, 2017) ("While [plaintiff] may not speculate about the amount of his damages, he may rely on his recollection."); *Arasimowicz v. All Panel Sys., LLC*, 948 F. Supp. 2d 211, 224-26 (D. Conn. 2013) ("An employee's burden to produce sufficient evidence is low and can be met by that employee's recollection alone." (internal quotation marks omitted)); *Dominguez v. Quigley's Ir. Pub, Inc.*, 790 F. Supp. 2d 803, 815-16 (N.D. Ill. 2011); *Solis v. Tally Young Cosmetics, LLC*, No. 09-CV-4804 (SJ)(JO), 2011 U.S. Dist. LEXIS 35333, at *9 (E.D.N.Y. Mar. 4, 2011); *Brennan v. Qwest Communs. Int'l, Inc.*, 727 F. Supp. 2d 751, 758 n.7 (D. Minn. 2010); Schultz v. All-Fund, Inc., No. JFM 06 CV 2016, 2007 U.S. Dist. LEXIS 59300, at *10-12 (D. Md. Aug. 13, 2007) ("The Fourth Circuit has found that an employee's testimony as to hours worked is sufficient to

need not be precise. *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014) ("If an employer has failed to keep records, employees are not denied recovery under the FLSA simply because they cannot prove the precise extent of their uncompensated work.") (citing *Alamo*, 915 F.2d at 351); *Kuebel*, 643 F.3d at 362; *Alston*, 254 F. Supp. 3d at 789 ("These are estimations offered in sworn statements that, though perhaps not unerringly accurate, are of the type that have been considered sufficient in the Fourth Circuit to show the extent of their improperly compensated work as a matter of just and reasonable inference." (internal citations omitted)).

Defendants had actual or constructive knowledge that Plaintiffs were working more than forty hours per week. The FLSA requires employers to track and compensate all work that is "suffered or permitted."  *See* 29 U.S.C. § 203(g) (defining "employ" as "to suffer or permit to work"); 29 U.S.C. § 207(a)(1) (stating that no employer shall "employ" an employee for more than forty hours per week without paying an overtime premium); 29 C.F.R. § 785.11 ("Work not requested but suffered or permitted is work time."); 29 C.F.R. § 785.13 (explaining that management must actively prevent the performance of unauthorized work).  In other words, where work is performed with the knowledge and acquiescence of the employer, even if it is not expressly authorized, then it is work time because it is "suffered or permitted."  *See id*.

Work is "suffered or permitted" if the employer "knows or has reason to believe" that work is being performed. *Id*.; *accord Hertz v. Woodbury Cnty.*, 566 F.3d 775, 781 (8th Cir. 2009) ("an employee must be compensated for duties . . . if the employer knows or

---

meet the employee's burden to show that he worked additional hours for which he was not fairly compensated."); *Turner v. Human Genome Scis., Inc.*, 292 F. Supp. 2d 738, 748 (D. Md. 2003).

has reason to believe the employee is continuing to work"). In an overtime case, the employee must prove that the employer "knew or should have known" that the employee was working overtime. *Hertz*, 566 F.3d at 781. An employee may carry this burden by showing that the employer, through reasonable diligence, should have acquired knowledge of the overtime work. *Id*. These standards have led courts to conclude that the FLSA "requires the employer to take reasonable steps to investigate the suspected non-compensation, to ensure that the employee is paid for the work that has already occurred, and to stop future non-payment for work or compensable breaks from occurring." *Lillehagen v. Alorica, Inc.*, No. SACV 13-92-DOC(JPR), 2014 U.S. Dist. LEXIS 171179, at *53 (C.D. Cal. Dec. 10, 2014).

Where the employer should have known of the overtime hours worked through the exercise of reasonable diligence, no formal policy directing employees to accurately report hours worked will relieve Defendant of the imposition of constructive knowledge. *Allen*, 865 F.3d at 939 ("But an employer's formal policy or process for reporting overtime will not protect the employer if the employer prevents or discourages accurate reporting in practice."); *Garcia v. Draw Enters. III, LLC*, No. 17 C 4477, 2018 U.S. Dist. LEXIS 196598, at *14 (N.D. Ill. Nov. 19, 2018) ("All that said, an employee's failure to comply with an employer's 'formal policy or process for reporting overtime' does not foreclose FLSA liability 'if the employer prevents or discourages accurate reporting in practice.'"); *Arnett v. Sears, Roebuck & Co.*, Civil Action No. SA-12-CA-488-XR, 2013 U.S. Dist. LEXIS 91792, at *12 (W.D. Tex. July 1, 2013) ("*White* clearly stands for the proposition that where an employer prevents its employee from reporting overtime or was otherwise on notice of the employee's unreported work, an employee may recover damages under

the FLSA, regardless of whether the employee exhausted any internal company grievance policy or time correction policy.").

Plaintiffs are entitled to the *Mt. Clemens* evidentiary standard. Plaintiffs were misclassified as exempt, and Defendants made little effort to accurately document their actual hours of work. Plaintiffs' estimation of their uncompensated overtime hours worked is not based on mere speculation, but rather upon their recollection of specific tasks that they were required to do and the actual amount of time they spent working.

### C.  The Applicable Statute of Limitations is Three Years.

A two-year statute of limitations applies to FLSA actions unless the defendant's violation was willful, in which case the statute of limitations is extended to three years. 29 U.S.C. § 255. A violation of the FLSA is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). The statute of limitations for violations of the AMWA is two years. Ark. Code Ann. § 11-4-218(g).

The facts herein demonstrate that Defendants' violations of the FLSA were willful. Minimum wage and overtime laws are among the most widely known and understood laws in the country, and there is no evidence that Defendants sought legal advice before it flouted those laws. Plaintiffs expect the evidence at trial to support a conclusion that Defendants knew they misclassified and underpaid Plaintiffs. The pay policy was a deliberate tactic to avoid paying Plaintiffs for all hours worked, rather than a good-faith misinterpretation of the law. Because Defendants willfully defied the FLSA, the appropriate statute of limitations is three years.

### D. Plaintiffs are entitled to an award of liquidated damages.

When an employer is found to have violated the overtime and minimum wage requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of wages owed. 29 U.S.C. § 216. Liquidated damages are not penal in nature but represent compensation to the employee for otherwise obscure and difficult to prove damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages only if the employer proves "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260.

An employer who violates the FLSA carries the burden of proving its claim of good faith and reasonable grounds, and the employer must show that it acted in both objective and subjective good faith, which requires that an employer demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless violated its provisions." *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008). Liquidated damages are "the norm" where an FLSA violation is found. *Id*.

Defendants will not be able to carry their burden of proving that they acted in both objective and subjective good faith. The minimum wage and overtime provisions of the FLSA are some of the most fundamental and commonly known protections offered to employees. Defendants' failure to pay a proper minimum wage and overtime premiums is inexcusable.

## V. CONCLUSION

Plaintiffs were employees of a covered employer under the FLSA and AMWA who did not qualify for any exemptions, and who worked more than forty hours per week, but were not paid overtime. Plaintiffs are owed monetary damages, liquidated damages, prejudgment interest, and reasonable attorney's fees and costs as a result of Defendants' failure to pay proper wages under the FLSA and AMWA.

Respectfully submitted,

**PLAINTIFFS CYNTHIA GOYNE and BRITTANY STUTZMAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com