IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| CYNTHIA GOYNE and | | |
| BRITTANY STUTZMAN | | PLAINTIFFS |
| vs. | No. 4:21-cv-199-KGB | |
| PROPEL TRUCKING, INC. and | | |
| MARC CAMPBELL | | DEFENDANTS |

## RESPONSE TO PLAINTIFFS' TRIAL BRIEF

Plaintiffs' trial brief is replete with citations but short on any facts or information related to this case. Defendants attempted to address both the law and the facts in their trial brief, and their arguments will not be repeated herein. However, Defendants will respond to a few of Plaintiffs' allegations and/or arguments.

(A)

Plaintiffs allege that Cynthia Goyne was employed to do "general office work." That is not true and contradicted by Ms. Goyne's own deposition testimony. Indeed, if she was not seeking money from Defendants, we are confident that she would take great umbrage at such a statement.

(B)

Plaintiffs further allege that Defendants had actual or constructive knowledge that Plaintiffs were working more than 40 hours per week. This statement is true for weeks when Ms. Goyne recorded more than 40 hours in a given week on her timecards. Otherwise, the statement is false.

(C)

Plaintiffs' contention that a three-year statute of limitations will apply in this case is not correct. Plaintiffs seem to suggest that because Defendants allegedly misclassified Plaintiffs, they

should be subject to the three-year limitation period. Such a suggestion has long been rejected by the United States Supreme Court. *See McLaughlin v. Richland Shoe*, 486 U.S. 128 (1988). Defendants are, quite frankly, surprised Plaintiffs have made this contention given the facts of this case and the applicable law. Defendants anticipated a stipulation that the two-year limitation period would apply in this case.

In *Richland Shoe*, the Supreme Court noted that prior appellate court rulings "virtually obliterate any distinction between willful and nonwillful violations." *Id*. at 132. The Supreme Court recognized that the word "willful" is "generally understood to refer to conduct that is not merely negligent." *Id*. at 133. The *Richland Shoe* decision substantially narrowed liability for back wages for FLSA violations, creating a presumption that the limitation period will be two years unless the employer knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA. *Id*. In this case, Plaintiffs were properly classified as exempt employees, so the limitation period will not be an issue. However, if the Court concludes they were not properly classified, there will be no evidence that Defendants knew or showed reckless disregard as to the classification. Indeed, in a DOL audit, Ms. Stutzman – who has admitted she was a "fleet manager" – was found to be properly classified as exempt. Plaintiffs know there is no evidence of willful intent and should not be making this argument. In this regard, Defendants note that, in making their argument, Plaintiffs state that there is no evidence Defendants sought legal advice, as if that was a requirement to show the employees were not willfully misclassified. Although we are confident the statement was inadvertent, it is nonetheless misleading. *See id*. at 134-35 (rejecting an alternative standard for willfulness that would have made "the issue in most cases turn on whether the employer sought legal advice concerning its pay practices").

Plaintiffs argue that if the Court finds in their favor, any damages should be doubled as liquidated damages. Defendants acknowledge that this is a much closer issue than the statute of

limitations period. To avoid liquidated damages, an employer must show that it acted in good faith and had reasonable grounds for believing that its acts were not violative of the FLSA. *Braswell v. City of El Dorado, Ark.*, 187 F.3d 954, 957 (8th Cir. 1999). This defense does not require reliance on administrator interpretations or DOL opinion letters, and any evidence of good faith and reasonable grounds can be introduced. 29 U.S.C. § 260. However, the employer's burden to prove the good-faith defense "is a difficult one, with double damages being the norm and single damages the exception." *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941-42 (8th Cir. 2008) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). Despite liquidated damages being the norm, Defendants believe that Plaintiffs' testimony, Marc Campbell's testimony, and the DOL audit opinion will show they acted in good faith and should not be subjected to liquidated damages. In this regard, the Court may reduce or deny liquidated damages in its discretion. 29 U.S.C. § 260.

        Defendants appreciate the opportunity to respond to Plaintiffs' trial brief.

Respectfully submitted,

FUQUA CAMPBELL, P.A.
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
(501) 374-0200 – Telephone
(501) 975-7153 – Facsimile

By:    /s/ Phil Campbell
        Phil Campbell, AR Bar No. 81028
        pcampbell@fc-lawyers.com
        Chris Stevens, AR Bar No. 2012289
        cstevens@fc-lawyers.com

COUNSEL FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I, Phil Campbell, do hereby certify that I electronically filed the foregoing via the Court's electronic filing system, which shall send notice of such filing to the following individuals this 7th day of August, 2023:

Sean Short
Josh Sanford
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite. 510
Little Rock, Arkansas 72211

                                      /s/ Phil Campbell