IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CYNTHIA GOYNE and**
**BRITTANY STUTZMAN**                                                    **PLAINTIFFS**

vs.                                      No. 4:21-cv-199-KGB

**PROPEL TRUCKING, INC.**
**and MARC CAMPBELL**                                                    **DEFENDANTS**

## PLAINTIFFS' RESPONSE TO DEFENDANTS' TRIAL BRIEF

### I.  INTRODUCTION

For its trial brief, Defendants have submitted what amounts to a summary judgment brief concerning the administrative and executive exemption and Plaintiffs' damages. The only difference being, Defendants put forth no evidence to back up their insistence that, looking back, Plaintiffs must have qualified for at least one exemption to the FLSA's overtime requirements. Suffice it to say, Plaintiffs disagree with Defendants' characterization of their duties, and they will testify at trial consistent with their deposition testimony and sufficient to meet their burden of proof as to all claims. Even the facts as presented by Defendants provide weak support for their administrative and executive exemption defenses. Defendants are at pains to characterize Plaintiffs as critical to Defendants' business and having outsized roles. It is undisputed that Plaintiffs were good at their jobs, but that does not make them exempt administrators. Nor does performing duties tangentially related to one prong of the executive exemption while failing to perform duties related to the other prongs make them exempt executives.

## II.   ADMINISTRATIVE EXEMPTION

The arguments Defendants make regarding Plaintiffs' work confirms that Plaintiffs did not exercise discretion or independent judgment. Not only are the tasks described by Defendants secretarial and rote in nature, but many of them largely preclude the exercise of discretion and independent judgment. There is nothing to suggest that Plaintiff Goyne's duties as fleet manager allowed her to make decisions about which loads to book and whether to accept or reject loads, and even if she could, that those decisions were "significant." The same is true when Plaintiff Goyne operated the Comdata account or acted as a "safety manager." Defendants offer no evidence to suggest Plaintiff Goyne evaluated possible courses of conduct in performing these tasks and made a decision based on that evaluation. 29 C.F.R. § 541.202(a). Instead, the tasks described by Defendants typically involve no discretion and Plaintiff Goyne simply followed preestablished standards and guidelines when performing these tasks.

Plaintiff Stutzman's duties as a fleet manager are no different. Defendants do nothing more than simply rattle off a list of tasks that sound important while ignoring the reality that the decision making related to those tasks was very limited and simply involved following a decision tree like path based on standards established by Defendants.

Of course, even if Defendants had produced evidence of discretion and independent judgment, they failed to produce evidence showing that those tasks were each Plaintiff's primary duty. When faced with a mix of exempt and non-exempt duties, a fact finder must determine whether the exempt tasks comprise the plaintiff's "primary duties." *Baldwin v. Key Equip. Fin., Inc.*, 2006 U.S. Dist. LEXIS 51609, *37–38 (D. Colo. July 17, 2006). There is no evidence regarding how much of each Plaintiff's workweek

was devoted to any particular task. Nor is there any information regarding the relative importance of the various tasks Defendants claim Plaintiffs performed. This is critical because a reasonable fact finder must be able to identify which duties are exempt and whether those duties are primary duties.

Lastly, any audit of Propel performed by the DOL should be given little weight as to Plaintiff Stutzman because Plaintiff Stutzman testified in her deposition that she was coached by Defendants and was in fear of her job if she didn't characterize her duties in a way that made her appear to be exempt. As to Plaintiff Goyne, Defendants assertion that she would have been found exempt is pure speculation and should be given zero weight.

### III.   EXECUTIVE EXEMPTION

Plaintiffs failed to meet the second requirement of the executive exemption for two reasons: 1) Plaintiffs were not engaged in the "management of the enterprise . . . or of a customarily recognized department or subdivision thereof;" and 2) even if Plaintiffs engaged in some level of management as required by the rule, such management certainly did not constitute Plaintiffs' "primary duty." 29 C.F.R. § 541.100(a)(2). Plaintiffs neither managed Defendants' entire enterprise nor a "customarily recognized department or subdivision thereof." Although Plaintiffs were referred to at various times as "managers," their work did not involve any actual management duties. Rather, Plaintiffs work involved routine work, all of which was done under the direction and close supervision of Defendants.

Even if Defendants were to demonstrate that Plaintiffs performed some duties which might fall under the description of "management," those duties were not Plaintiffs'

primary duties. As noted above, "primary duties" are the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a).

Plaintiffs also failed to qualify for the third prong of the executive exemption because they did not "customarily and regularly direct the work of two or more other employees." The phrase "customarily and regularly" means "a frequency that must be greater than occasional but which, of course, may be less than constant," and "includes work normally and recurrently performed every workweek." 29 C.F.R. § 541.701. Further, the "two or more other employees" must be "two full-time employees or their equivalent," meaning, for example, "[o]ne full-time and two half-time employees." 29 C.F.R. § 541.104(a). There were simply no other employees that Plaintiffs directed. Neither Plaintiff had employees that reported to them and neither Plaintiff oversaw the work of other employees. At most all Defendants can show is that Plaintiffs communicated with other employees, but these employees worked independently of Plaintiffs.

Finally, Plaintiff did not qualify for the fourth and final prong of the executive exemption because Plaintiffs did not have the "authority to hire or fire other employees" nor were their "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given particular weight." 29 C.F.R. § 541.100(a). Throughout their employment with Defendants, Plaintiffs never hired or fired any employee, nor did they have the authority to do so. Further, Plaintiffs never made suggestions or recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees, and even if they had those suggestions or recommendations would not have been given any more weight than any other employee's suggestions or recommendations. Tellingly, Defendants did not and cannot name one

employee that either Plaintiff hired or fired during their years long tenures.

## IV.   DAMAGES

It is well-settled law that the burden of keeping accurate employment records is on the employer rather than the employee. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–88 (1946). This obligation to maintain accurate time records is always on the employer, not the employee; "the employer cannot transfer his statutory duty to his employees." *Goldberg v. Cockrell*, 303 F.2d 811, n.1 (5th Cir. 1962) (citing *Mitchell v. Reynolds*, 125 F. Supp. 337, 340 (W.D. Ark. 1954) ("[W]hile there is nothing to prevent an employer from delegating to his employees the duty of keeping a record of their hours, the employer does so at his own peril. He cannot escape the record-keeping provisions of the Act by delegating that duty to his employees.")); *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 363 (2d Cir. 2011) ("[O]nce an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee failed to properly record or claim his overtime hours.").

In the absence of accurate records, an employee may prove that he or she worked uncompensated overtime in a variety of ways, one of which is through a "meaningful, consistent explanation of the hours the employee claims to have worked." *Christman*, 2021 U.S. Dist. LEXIS 49860, at *15 (citing *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1058–60 (8th Cir. 2014)). *See also Jones v. St. Francis Cnty.*, No. 2:19-CV-00148-BRW, 2021 U.S. Dist. LEXIS 40326, at *6 (E.D. Ark. Mar. 4, 2021) (stating that the plaintiff's claims did not fail as a matter of law when he was the only witness to his overtime hours). While "[v]ague and unspecific testimony will not do," an adequate description of "'specific dates worked, specific hours worked, or money owed'" is sufficient to demonstrate that

an employee worked uncompensated hours. *Christman*, 2021 U.S. Dist. LEXIS 49860, at *15 (quoting *Carmody*, 713 F.3d at 407).

Importantly, Defendants do not claim that Plaintiffs never worked overtime. They admit as much with regards to Plaintiff Goyne. Rather, Defendants simply dispute that Plaintiffs worked as many hours as they claimed under oath in their depositions. Defendants' argument that Plaintiffs did not keep accurate records of their time utterly ignores their own obligation to maintain accurate records of Plaintiffs' hours worked. Courts take the employer's failure to maintain proper records and the resulting relaxed evidentiary burden on employees very seriously. "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of [the FLSA]." *Perez v. Contingent Care, LLC*, 820 F.3d 288, 293–94 (8th Cir. 2016). Courts "should not hesitate to award damages based on the 'just and reasonable inference' from the evidence presented." *Id*. at 294 (citing *Martin v. Tony & Susan Alamo Found.*, 952 F.2d 1050, 1052 (8th Cir. 1992)).

Likewise, in *Burley v. Central Arkansas Area on Aging*, the plaintiff was able to overcome the defendant's contemporaneously kept time records and create an issue of fact for trial based exclusively on her deposition testimony. No. 4:20-cv-226-DPM, 2021 U.S. Dist. LEXIS 104040 (E.D. Ark. June 3, 2021). The plaintiff "testified about particular tasks, though she could not specify particular weeks in which she earned unpaid overtime," and described the defendant's "shadow policy" of discouraging accurate reporting of hours, leading the Court to deny the summary judgment motion. *Id*. at *2.

While maybe not a "shadow policy," Defendants' timekeeping policy was illusory

at best. Plaintiffs were being paid a salary and had no reason to keep accurate time records. Defendants knew this which is precisely why it allowed Plaintiff Stutzman to not bother with keeping her time. This is also why Plaintiff Goyne was relaxed with regard to keeping her time and why so much of her time performing work outside of the office wasn't recorded.

## V. CONCLUSION

Defendants say a lot in their Trial Brief while proving nothing. Rather than present actual evidence or inform the Court of the evidence they do have, Defendants simply make conclusory assertions that Plaintiffs were exempt. Plaintiffs will present evidence at trial sufficient to prove that Defendants did not enforce a policy of requiring Plaintiffs to keep accurate records of all Plaintiffs' working time and that Plaintiffs job duties did not rise to the high bar required to make them exempt employees.

Respectfully submitted,

**PLAINTIFFS CYNTHIA GOYNE and BRITTANY STUTZMAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com