IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CYNTHIA GOYNE and BRITTANY STUTZMAN**                              **PLAINTIFFS**

vs.                              No. 4:21-cv-199-KGB

**PROPEL TRUCKING, INC.,**                                           **DEFENDANTS**
**and MARC CAMPBELL**

### PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW Plaintiff Cynthia Goyne ("Plaintiff"), by and through her attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for her Proposed Findings of Fact and Conclusions of Law, does hereby state and allege as follows:

### I.     PROPOSED FINDINGS OF FACT

1.     Defendant Propel Trucking, Inc. ("Propel"), is and was at all times within the three years preceding the filing of Plaintiffs' Complaint, an Arkansas for-profit Company.

2.     Within the three years preceding the filing of Plaintiffs' Complaint, Defendants engaged in the businesses of operating a trucking and logistics.

3.     Defendant Marc Campbell is an officer and director of James Carlson Construction, LLC.

4.     Defendant Vicky Carlson is an officer and director of Propel Trucking, Inc.

5.     Plaintiff Goyne entered into an employer-employee relationship with Defendants in July of 2012.

6.     Plaintiff Goyne was a salaried employee of Defendants and was at all

Page 1 of 5
Cynthia Goyne, et al. v. Propel Trucking, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-199-KGB
Plaintiffs' Proposed Findings of Fact and Conclusions of Law

relevant times classified as an exempt employee by Defendants.

7. Defendants were responsible for the hiring and firing employees, setting employees' wages, setting employees' working hours, controlling employees' working conditions, and maintaining employment records, including the wages, working hours, working conditions and records of Plaintiff.

8. Defendants and their employees are engaged in commerce and handle or otherwise work on goods or materials that have been moved in or produced for commerce by others, including building materials, equipment and machinery, tools, and merchandise, all of which were fabricated or produced in other states and shipped to the State of Arkansas for Defendants' use.

9. Defendants' annual gross volume of sales made or business done was in excess of $500,000.00 (exclusive of excise sales taxes at the retail level that are separately stated) during fiscal years 2018, 2019, 2020, and 2021.

10. As part of her work for Defendants, Plaintiff participated in interstate commerce by interacting with trucks, drivers, and with supplies and goods from out of state businesses.

11. Defendants established Plaintiff's rates of pay and hours of work; Defendants paid at least some compensation to Plaintiff for her work; Defendants controlled the conditions under which Plaintiff worked; and Defendants maintained at least some employment records for Plaintiff.

12. Plaintiff was paid a flat weekly rate for all hours worked from July of 2012 until February of 2021.

13. Defendants did not maintain and keep accurate records of hours worked by

Page 2 of 5
Cynthia Goyne, et al. v. Propel Trucking, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-199-KGB
Plaintiffs' Proposed Findings of Fact and Conclusions of Law

Plaintiff.

14. From approximately March of 2019 through February of 2021, Plaintiff's weekly pay ranged from $422.77 to $685.43.

15. Plaintiff worked an average of at least fifty hours per week each week during her tenure of employment with Defendants between March of 2019 and February of 2021.

16. Between March of 2019 and February of 2021, Plaintiff worked at least 730 hours of overtime.

17. At all relevant times, Defendants knew Plaintiff was working the above-described overtime hours.

18. At all relevant times, Defendants knew the FLSA and AMWA required payment of an overtime premium for all hours worked over forty per week.

19. At all relevant times, Defendants knew they were not paying the overtime premium required under the FLSA and AMWA.

20. Defendants did not take any affirmative steps to comply with the FLSA.

21. Defendants had no objective or subjective reasons for believing they were in compliance with the FLSA or the AMWA.

22. Defendants shorted Plaintiff's pay to increase their own profits without regard for Plaintiff's rights or the law.

23. Defendants knew that they were required by the FLSA to pay Plaintiff an overtime premium for all hours worked over forty per week and knew that Plaintiff was in fact working over forty hours per week during relevant weeks and not being paid an overtime wage, yet willfully and without any justification failed to compensate Plaintiff accordingly.

Page 3 of 5
Cynthia Goyne, et al. v. Propel Trucking, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-199-KGB
Plaintiffs' Proposed Findings of Fact and Conclusions of Law

## II.    PROPOSED CONCLUSIONS OF LAW

1. Jurisdiction and venue are proper in this Court.

2. Defendant Propel Trucking, Inc. was Goyne's employer within the meaning of the FLSA.

3. Defendant Propel Trucking, Inc. was Goyne's employer within the meaning of the AMWA.

4. Defendant Marc Campbell was Goyne's employer within the meaning of the FLSA.

5. Defendant Marc Campbell was Goyne's employer within the meaning of the AMWA.

6. Defendants did not meet their burden of proving that Goyne qualified for an exemption from the overtime requirements of the FLSA.

7. Goyne was entitled to overtime premiums in the amount of one-half her regular rate of pay for 730 hours of overtime she worked between March of 2019 and February of 2021.

8. Goyne's unpaid overtime premiums for the 730 hours of overtime she worked between March of 2019 and February of 2021 equals $5,862.86.

9. Defendants are jointly and severally liable to Goyne for her unpaid wages, plus an equal amount as liquidated damages.

10. Defendants are jointly and severally liable to Goyne for $11,725.72 ($5,862.86 plus liquidated damages).

11. Plaintiff has incurred attorney's fees in an effort to assert their rights under the FLSA and AMWA, and by law such reasonable attorney's fees should be paid by

Page 4 of 5
Cynthia Goyne, et al. v. Propel Trucking, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-199-KGB
Plaintiffs' Proposed Findings of Fact and Conclusions of Law

Defendant.

12. Plaintiff has incurred costs in an effort to assert their rights under the FLSA and AMWA, and by law those costs should be paid by Defendant.

Respectfully submitted,

**PLAINTIFF CYNTHIA GOYNE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 5 of 5
Cynthia Goyne, et al. v. Propel Trucking, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-199-KGB
Plaintiffs' Proposed Findings of Fact and Conclusions of Law